**UNITED STATES of America, Appellee,**

v.

**Harry HOPKINS, Appellant.**

**No. 1251, Docket 88–1058.**

United States Court of Appeals,
Second Circuit.

Argued June 13, 1988.

Decided Aug. 2, 1988.

Robert E. Precht, The Legal Aid Soc., Federal Defender Services Unit, New York City, for appellant.

David R. Lewis, Asst. U.S. Atty. (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Celia Goldwag Barenholtz, Asst. U.S. Atty., of counsel), for appellee.

Before OAKES, MESKILL and PIERCE, Circuit Judges.

PER CURIAM:

Harry Hopkins appeals his conviction on two counts of passing, with intent to defraud, a United States Treasury check carrying a forged endorsement in violation of 18 U.S.C. § 510(a)(2) (Supp. IV 1986), after a jury trial before the United States District Court for the Southern District of New York, Shirley Wohl Kram, Judge. Hopkins claims that the district court erred in failing to instruct the jury on the issue of knowledge, arguing that the court should have instructed the jury that in order to convict it was required to find that Hopkins knew the endorsements on the checks were forged.

The checks in question had been stolen and their endorsements forged before Hopkins received them. Hopkins then passed them on to an associate, who paid Hopkins for the checks and deposited them in corporate bank accounts. The district court instructed the jury that it must find that the defendant had acted with the intent to defraud, and the jury found Hopkins guilty on two of the nine counts charged in the indictment. Because we find no error in the charge given, we affirm.

### DISCUSSION

As Hopkins did not request an instruction on specific knowledge, or object to the charge as given, we may reverse only if the district court committed "plain error." *See United States v. Grossman*, 843 F.2d 78, 86 (2d Cir.1988); *United States v. Aroce-*

na, 778 F.2d 943, 948–49 (2d Cir.1985), *cert. denied,* 475 U.S. 1053, 106 S.Ct. 1281, 89 L.Ed.2d 588 (1986). Here the court's instruction mirrored the language of section 510(a)(2),[1] which imposes no requirement that a person who passes a Treasury check with a forged endorsement specifically know that the endorsement is forged. In contrast, section 510(b), enacted at the same time, does require such knowledge. " ' "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." ' " *Rodriguez v. United States,* 480 U.S. 522, 107 S.Ct. 1391, 1393 94, L.Ed.2d 533 (1987) (per curiam) (quoting *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983) (quoting *United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir.1972))). Here there is no reason to believe that Congress intended anything other than the express language of the statute, and no reason for us to inquire beyond those words. *See Garcia v. United States,* 469 U.S. 70, 75, 105 S.Ct. 479, 482, 83 L.Ed.2d 472 (1984); *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed. 2d 246 (1981).

Hopkins, relying on the prefatory statements of Senator DeConcini, the bill's sponsor, argues that the statute's legislative history suggests Congress meant to include a specific knowledge element. In the absence of any ambiguity on the face of the statute, however, reference to legisla-

tive history is inappropriate. *See Garcia,* 469 U.S. at 75, 105 S.Ct. at 482; *Schwegmann Bros. v. Calvert Distillers Corp.,* 341 U.S. 384, 395, 71 S.Ct. 745, 751, 95 L.Ed. 1035 (1951) (Jackson, J., concurring). Even if the statute's meaning were uncertain, the committee report on the bill, S.Rep. No. 225, 98th Cong., 2d Sess. 371–72, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3512–13, makes no mention of a specific knowledge requirement. *See Garcia,* 469 U.S. at 76, 105 S.Ct. at 483 (committee reports generally more authoritative than comments from the floor); *United States v. Jackson,* 805 F.2d 457, 461–65 (2d Cir.1986) (committee report preferred source of legislative history), *cert. denied,* —— U.S. ——, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987). Nor has any convincing argument been made that congressional purposes or government interests would be better served by a specific knowledge requirement. We will not rewrite the statute nor find any fault with the jury instruction as given.

Judgment affirmed.

---

**1.** § 510. Forging endorsements on Treasury checks or bonds or securities of the United States

    (a) Whoever, with intent to defraud—

      (1) falsely makes or forges any endorsement or signature on a Treasury check or bond or security of the United States; or

      (2) passes, utters, or publishes, or attempts to pass, utter, or publish, any Treasury check or bond or security of the United States bearing a falsely made or forged endorsement or signature shall be fined not more than $10,-000 or imprisoned not more than ten years, or both.

    (b) Whoever, with knowledge that such Treasury check or bond or security of the United

States is stolen or bears a falsely made or forged endorsement or signature buys, sells, exchanges, receives, delivers, retains, or conceals any such Treasury check or bond or security of the United States that in fact is stolen or bears a forged or falsely made endorsement or signature shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

    (c) If the face value of the Treasury check or bond or security of the United States or the aggregate face value, if more than one Treasury check or bond or security of the United States, does not exceed $500, in any of the above-mentioned offenses, the penalty shall be a fine of not more than $1,000 or imprisonment for not more than one year, or both.