USCA1 Opinion

 

 November 18, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-2425 UNITED STATES, Appellee, v. JOHN MEDINA-LUGO, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ___________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ___________________ John Medina Lugo on brief pro se. ________________ Charles E. Fitzwilliam, United States Attorney, and Miguel _______________________ ______ A. Pereira, Assistant U.S. Attorney, on brief for appellee. __________ __________________ __________________ Per Curiam. Defendant, an attorney, was tried by a __________ jury on a two count indictment charging that he (1) knowingly, willfully and with intent to defraud, falsely made or forged the endorsement, "Thelma Rosendo," on a United States treasury check, in violation of 18 U.S.C. 510(a) (Count One); and (2) knowingly, willfully and with intent to defraud, passed, uttered or published a treasury check bearing the forged or falsely made endorsement of its payee, Thelma Rosendo, in violation of 18 U.S.C. 510(b) (Count Two). The jury returned a verdict of acquittal on Count One and conviction on Count Two. Defendant challenges the verdict and the judge's denial of his motions for acquittal. We summarize the facts in the light most favorable to the government, drawing all reasonable inferences in favor of the verdicts. United States v. Gonzalez-Torres, 980 F.2d _____________ _______________ 788, 789 (1st Cir. 1992); United States v. Amparo, 961 F.2d _____________ ______ 288, 290 (1st Cir.), cert. denied, 113 S. Ct. 224 (1992). In ____________ 1989 defendant served as an attorney for one Vincent Bazemore, who was in jail following his arrest in a criminal matter. A friend of Bazemore's, Thelma Rosendo, helped to arrange for Bazemore's bail by obtaining $5000 from a Virgin Islands' company which owed some money to Bazemore. With defendant's legal assistance, Rosendo pledged the $5000 with the Clerk of the United States District Court in Puerto Rico, -2- to secure Bazemore's release. Rosendo was named as the surety on the bond. By September, 1990, Bazemore's case was closed. Rosendo, who had moved to St. Thomas, again enlisted defendant as an attorney, this time to help retrieve the $5000 she had pledged. (Rosendo testified that the clerk had earlier refused to release the money to Bazemore because he was not the nominal surety). Defendant made a motion, and promptly obtained from the clerk a treasury check made payable to Rosendo. Without Rosendo's knowledge or permission, however, defendant endorsed the check in the name of Thelma Rosendo. He also endorsed his own name and, again without permission, deposited the money into his own bank account. Over the next two years, Rosendo travelled to Puerto Rico between eight and twelve times, in an effort to regain the $5000. She contacted defendant in person on each trip, but defendant denied having the money. Finally, Rosendo wrote a letter to Chief Judge Gierbolini. An investigation ensued, during which defendant admitted depositing the check to his own account and, motivated by financial problems, using the money without Rosendo's permission. After the indictment issued, defendant returned $5000 to Rosendo (who gave the money to its rightful owner). -3- Defendant told Rosendo then that he had earlier lost her mailing address. Defendant perceives the verdicts as logically inconsistent. Without attempting to retrace his contentions in detail, the crux of his argument is that the crime charged in Count One (forgery of an endorsement) is like a predicate or component crime, the elements of which are fully included in the crime charged in Count Two (passing a check with a forged endorsement). As a result of his acquittal under Count One, defendant argues, the judge was required to set aside his conviction under Count Two. Defendant cites no cases supporting this unusual interpretation of the statutory crimes here, and we know of none. Cf. United States v. ___ ______________ Hopkins, 853 F.2d 118 (2d Cir. 1988) (a violation of 18 _______ U.S.C. 510(a)(2) requires only that a person who passes a Treasury check with a forged endorsement act with an intent to defraud; there is no requirement even that he specifically know that the endorsement is forged). In any event, "[i]t is well settled that inconsistency in a criminal verdict does not require setting the verdict aside." Gonzalez-Torres, 980 F.2d 788 (1st Cir. _______________ 1992) (citing cases). The rule is as much a product of lenity as it is of fairness and finality. [I]nconsistent verdicts -- even verdicts that acquit on the predicate offense while convicting on the compound offense -- should not . . . be interpreted as a windfall to the Government at the -4- defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. United States v. Powell, 469 U.S. 57, 65 (1984). _____________ ______ Moreover, the verdicts were not necessarily inconsistent. Although both counts required proof of an intention, each included a different criminal act. Count One required proof that defendant had an intent to defraud when he forged the endorsement. Count Two required an intent to defraud when defendant passed, uttered or published the check. The jury reasonably could have concluded that defendant formed a criminal intention only after he falsely endorsed the check in Thelma Rosendo's name. That conclusion would have been entirely consistent with defendant's own various out-of-court admissions, as reported in the witnesses' testimony.1 ____________________ 1. For similar reasons, we reject defendant's argument that his simultaneous acquittal on one charge, and conviction on the other, violated the Double Jeopardy clause. The clause protects against multiple prosecutions or multiple punishments for the same offense. United States v. Dixon, ______________ _____ 113 S. Ct. 2849 (1993). There is no question of multiple punishment here and the `same elements' test is not implicated since each crime charged contains an element not included in the other. Dixon, 113 S. Ct. at 2851 (citing _____ Blockburger v. United States, 284 U.S. 299, 304 (1932)). ___________ ______________ Moreover, the Double Jeopardy clause protects against dangers caused by multiple prosecutions in "separate proceedings for charges arising out of a single transaction or course of conduct, not multiple charges in the same proceeding." United States v. Barrett, 933 F.2d 355, 360 (6th Cir. 1991); _____________ _______ cf. Powell, 469 U.S. at 65 (where there are inconsistent __ ______ verdicts, the Double Jeopardy clause prevents the government -5- Defendant also assigns as error the judge's denial of his motions for acquittal under Fed. R. Crim. P. 29.2 In addition to the inconsistency he perceives in the verdicts, defendant argues that there was insufficient evidence to prove that he had an intention to defraud. Even when the verdicts are actually inconsistent, we necessarily review the sufficiency of the evidence to support a conviction on one count "independent of the jury's determination that the evidence on the other count was insufficient." Powell, 469 U.S. at 67. Surveying the ______ totality of the evidence in the light most favorable to the prosecution, we must affirm denial of a Rule 29 motion where sufficient evidence was produced "to allow a rational jury to conclude beyond a reasonable doubt that the defendant was guilty of the charged offense[]." Gonzalez-Torres, 980 F.2d _______________ at 790. ____________________ from challenging the acquittal, but nothing in the Constitution requires that defendant receive a new trial on the conviction). 2. Defendant makes the salient point that the court may have erred in reserving its ruling on the defendant's motion for acquittal at the close of the government's case. A ruling at that point appears to be mandatory under Fed. R. Crim. P. 29. See Burks v. United States, 437 U.S. 1, 11 n.5 (1978). The ___ _____ ______________ error, nevertheless, was not prejudicial to the defendant because the government's evidence on both counts was sufficient to go to the jury at that time. See 2 Charles A. ___ Wright, Federal Practice and Procedure: Criminal 2d 462 ______________________________________________ (1982 & supp. 1993) (citing cases). -6- There was sufficient evidence of defendant's guilt. The prosecution proved that, without permission, defendant endorsed a treasury check in Thelma Rosendo's name, deposited it into his own account, and returned the money only after an indictment issued against him. In addition to the usual inference that arises from the behavior so proved, the government also produced evidence that over a two year period defendant persisted in denying to Rosendo that he had obtained the $5000. When confronted by a special agent investigating the matter, defendant finally admitted depositing the check to his own account and using the money for his own purposes. While defendant's trial attorney argued, and defendant reiterates here, that there may have been other, innocent reasons for defendant's behavior, the government "need not exclude every reasonable hypothesis of innocence, provided the record as a whole supports a conclusion of guilt beyond a reasonable doubt." Gonzalez- _________ Torres, 980 F.2d at 790. Here, the record as a whole ______ supports the defendant's conviction on Count Two. For the reasons stated, the judgment below is affirmed. ________ -7-