RODRIGUEZ *v.* UNITED STATES

No. 86–5504.   Decided March 23, 1987

PER CURIAM.

In the Comprehensive Crime Control Act of 1984 (CCCA), Pub. L. 98–473, 98 Stat. 1976, Congress provided that anyone who commits a felony while on release pending judicial proceedings must be sentenced to at least two years' imprisonment in addition to the sentence imposed for the underlying felony.   18 U. S. C. § 3147 (1982 ed., Supp. III).   Under the Probation Act, 18 U. S. C. § 3651, federal judges have long had authority to suspend the execution of certain sen-

tences and to impose probation instead. The United States Court of Appeals for the Second Circuit held that § 3147 "supersede[d]" § 3651, leaving federal judges without authority to suspend execution of sentences imposed under § 3147. 794 F. 2d 24, 26 (1986). We reverse.

Petitioner, Gloria Rodriguez, was arrested for selling cocaine. While released on a personal recognizance bond she was arrested again, for selling heroin. She pleaded guilty to both charges. The sentencing judge recognized that § 3147[1] required that petitioner be *sentenced* to at least a 2-year term of imprisonment in addition to the sentences for the two drug offenses. Nevertheless, relying on § 3651,[2] he suspended *execution* of that sentence, finding that under the circumstances a 2-year probation term was more appropriate. The United States appealed, arguing that § 3147 had superseded § 3651, and that the sentencing judge had no authority to suspend execution of the sentence imposed under § 3147. The Court of Appeals agreed with the United States and reversed. 794 F. 2d 24 (CA2 1986). Rodriguez then filed this petition for certiorari.

---

[1] Section 3147 provides in relevant part:

"A person convicted of an offense committed while released [pending judicial proceedings] shall be sentenced, in addition to the sentence prescribed for the offense[,] to—

"(1) a term of imprisonment of not less than two years and not more than ten years if the offense is a felony . . . .

"A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment."

[2] Section 3651 provides in relevant part:

"Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States[,] when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best."

Since § 3147 does not explicitly divest sentencing judges of their authority under § 3651, the Court of Appeals' judgment amounts to the conclusion that § 3147 is an implicit partial repeal of § 3651. It is well settled, however, that repeals by implication are not favored, see, *e. g.*, *TVA* v. *Hill*, 437 U. S. 153, 189 (1978), and will not be found unless an intent to repeal is "'clear and manifest.'" *United States* v. *Borden Co.*, 308 U. S. 188, 198 (1939) (quoting *Red Rock* v. *Henry*, 106 U. S. 596, 602 (1883)). Nothing in the language of these two provisions suggests the existence of the "'"irreconcilable conflict,"'" *Kremer* v. *Chemical Construction Corp.*, 456 U. S. 461, 468 (1982) (citations omitted), from which an intent to repeal may be inferred. To the contrary, the provisions fit together quite sensibly. Section 3147 requires that those who commit felonies while on release be *sentenced* to a term of at least two years; § 3651 authorizes sentencing judges to suspend *execution* of those sentences if probation would be more appropriate. Section 3147 is no different from many other federal statutes requiring minimum sentences, which have uniformly been held to be subject to the suspension authority of § 3651. See, *e. g.*, *Andrews* v. *United States*, 373 U. S. 334, 340 (1963) (dictum); *United States* v. *Davis*, 560 F. 2d 144, 148, n. 6 (CA3), cert. denied *sub nom. Hazzard* v. *United States*, 434 U. S. 839 (1977); *United States* v. *Wilson*, 506 F. 2d 521, 522 (CA9 1974) *(per curiam); Jones* v. *United States*, 419 F. 2d 593, 597–598 (CA8 1969); *United States* v. *Cameron*, 351 F. 2d 448, 449 (CA7 1965); *United States* v. *Hardaway*, 350 F. 2d 1021, 1022 (CA6 1965); *Smith* v. *United States*, 284 F. 2d 789, 791, n. 2 (CA5 1960); *United States* v. *Donovan*, 242 F. 2d 61, 64 (CA2 1957).

The Court of Appeals rested its conclusion in part on the legislative history of the CCCA, noting that various Senate and House Reports referred to § 3147 as establishing a "mandatory" sentence, as prescribing a "term of imprisonment of at least two years and not more than ten," and as "requir[ing] that the individual be imprisoned for an additional period of

time." See 794 F. 2d, at 26–29. Even if unrebutted, these passing references would not constitute the "clear and manifest" evidence of congressional intent necessary to establish repeal by implication. In fact, however, the totality of the legislative history of the Act demonstrates with unusual clarity that no repeal was intended. A Senate Report on an early version of the Act pointed out that statutes specifying minimum sentences did not create mandatory minimum terms of confinement, since such sentences could be suspended in favor of probation or parole. S. Rep. No. 98–225, p. 66, n. 129 (1983). The same Report also noted that the reported version of the provision eventually codified at 18 U. S. C. § 924(c) would permit such suspension, and recommended that it be amended to eliminate that possibility. S. Rep., at 312–313. Congress subsequently did amend § 924(c), as well as certain other provisions of the CCCA, to make § 3651 unambiguously inapplicable. See 18 U. S. C. §§ 924(c), 929(a) (1982 ed., Supp. III); 18 U. S. C. App. § 1202 (a); 21 U. S. C. § 845a(c) (1982 ed., Supp. III). " '[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' " *Russello* v. *United States*, 464 U. S. 16, 23 (1983) (quoting *United States* v. *Wong Kim Bo*, 472 F. 2d 720, 722 (CA5 1972)). It is, in short, overwhelmingly clear that, in passing the CCCA, Congress acted—as it is presumed to act, see, *e. g., Lorillard* v. *Pons*, 434 U. S. 575, 581–582 (1978)—with full awareness of the well-established judicial interpretation that § 3651 permits the suspension of sentences "unless [it is] explicitly made inapplicable." *United States* v. *Donovan, supra,* at 64.

Additionally, and most impermissibly, the Court of Appeals relied on its understanding of the broad purposes of the CCCA, which included decreasing the frequency with which persons on pretrial release commit crimes and diminishing the sentencing discretion of judges. But no legislation pur-

sues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice— and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law. Where, as here, "the language of a provision . . . is sufficiently clear in its context and not at odds with the legislative history, . . . '[there is no occasion] to examine the additional considerations of "policy" . . . that may have influenced the lawmakers in their formulation of the statute.'" *Aaron* v. *SEC*, 446 U. S. 680, 695 (1980) (quoting *Ernst & Ernst* v. *Hochfelder*, 425 U. S. 185, 214, n. 33 (1976)).

Neither the language nor the legislative history of § 3147 provides any basis for concluding that it was intended to effect a partial repeal of § 3651. It is true that the practical effect of the Court of Appeals' contrary judgment is reduced by the fact that, as subsequently amended, the CCCA provides that § 3147 will be substantially altered and § 3651 will be repealed effective November 1, 1987, see 18 U. S. C. § 3147, 18 U. S. C. § 3651 (1982 ed., Supp. III). Nevertheless, because that judgment is plainly inconsistent with important doctrines of statutory construction, we grant the motion for leave to proceed *in forma pauperis* and the petition for certiorari and reverse.

*It is so ordered.*

JUSTICE BLACKMUN also would grant certiorari and reverse the judgment of the Court of Appeals.

JUSTICE MARSHALL would grant the petition and afford the parties an opportunity to brief the merits of the case. See, *e. g.*, *Newport* v. *Iacobucci*, 479 U. S. 92, 97 (1986) (MARSHALL, J., dissenting from summary disposition).