**UNITED STATES of America**

v.

**Laurie A. KNOTT.**

**Crim. No. 89–0307–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

December 20, 1989.

Janet S. Reincke, Asst. U.S. Atty., Alexandria, Va., for plaintiff.

Robert Gill, Washington, D.C., for defendant.

## MEMORANDUM

ELLIS, District Judge.

This matter is before the Court on the government's Motion for Reconsideration following the Court's reversal of the Magistrate's revocation of defendant's driving privileges in Virginia. *See United States v. Knott,* 722 F.Supp. 1365 (E.D.Va.1989) (*"Knott I"*). The underlying facts were set out in *Knott I.* Only those facts essential to disposition of this Motion are repeated here.

The defendant, Laurie A. Knott, pled guilty to driving while intoxicated ("DWI") on the George Washington Memorial Parkway, in violation of National Park Service Regulations ("the Regulations"). 36 C.F.R. § 4.23(a)(2). As a result of the plea, the Magistrate (i) fined the defendant, (ii) revoked her privilege to operate a motor vehicle in Virginia for six months pursuant to Code of Virginia § 46.1–441.1,[1] (iii) suspended the revocation in its entirety, and (iv) placed the defendant on probation for one year. Knott appealed only the revocation of her driving privileges, arguing that the Magistrate's action was *ultra vires.* In opposition, the government asserted three grounds for the Magistrate's authority to revoke Knott's driving privileges: (1) the Assimilative Crimes Act (ACA), 18 U.S.C. § 13; (2) the Regulations, 36 C.F.R. § 4.2(a) (adopting state traffic laws "[u]nless specifically addressed by regulations in this chapter"); and (3) the Sentencing Reform Act of 1984 § 212, 18 U.S.C. §§ 3561–3566 (arguing that suspension of driving privileges is a valid probation condition). The Court rejected all three arguments and reversed.[2] *Knott I,* 722 F.Supp. at 1369. On the question whether this portion of defendant's sentence is a valid condition of probation, the Court stated:

[T]he government asserts that revocation of appellant's driving privileges is a valid condition on Knott's sentence of proba-

tion. *See* 18 U.S.C. § 3563. While it is true that the Magistrate could have imprisoned the appellant for six months, 36 C.F.R. § 1.3, and thus kept her from driving, it does not follow that the Magistrate can revoke her driver's license. Congress, through the Regulations, has expressly defined and limited the penalties for violation of National Park Service regulations. *See* 16 U.S.C. § 3. License revocation is not included among the defined penalties and is a penalty that is different in kind from imprisonment for up to six months. The government has not cited, nor has the Court found, any statute or precedent suggesting that revocation of driving privileges within a sovereign state is an appropriate condition of federal probation.

722 F.Supp. at 1369.

■ The government now seeks reconsideration of the ruling on the ground that the revocation of driving privileges should be upheld as a valid condition of Knott's probation. Essentially, the government argues the effective basis of the decision in *Knott I* was the disfavored doctrine of implied repeal.[3] Simply stated, the government's argument is that, by resting its decision on the fact that revocation of driving privileges is not one of the enumerated regulatory penalties, the Court, by implication, effectively and impermissibly repealed the broad statutory authority granted

---

1. Repealed October 1, 1989 and reenacted as Va.Code Ann. § 46.2–415 (Repl.Vol.1989).

2. The government now concedes that, because Knott was charged under the Regulations, the ACA is not applicable to this case. But the government does not abandon its second argument to the effect that the revocation of driving privileges was authorized by the Regulations, which permit reliance on state statutes where the Regulations do not specifically address the conduct in issue. *See* 36 C.F.R. § 4.2(a); *see also* Va.Code Ann. § 18.2–271 (Repl.Vol.1988) (providing for mandatory revocation of driver's license for DWI conviction); Va.Code Ann. §§ 46.2–389; 46.2–391 (Repl.Vol.1989) (same). As explained in *Knott I,* the flaw in this argument is that the Regulations specifically proscribe DWI and also prescribe the permissible punishment. *See Knott I,* 722 F.Supp. at 1369.

3. It is well-settled that repeal of an earlier statute by implication from the passage of a later

one is disfavored. *See, e.g., Rodriguez v. United States,* 480 U.S. 522, 524, 107 S.Ct. 1391, 1392, 94 L.Ed.2d 533 (1987) (*per curiam*); *Posadas v. National City Bank,* 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936). The Supreme Court, however, does recognize two permissible categories of repeals by implication:

(1) where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act. But, in either case, the intention to repeal must be clear and manifest.

*Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 468, 102 S.Ct. 1883, 1890, 72 L.Ed.2d 262 (1982) (quoting *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976) and *Posadas,* 296 U.S. at 503, 56 S.Ct. at 352).

courts to impose conditions on probation. This argument is specious; its fundamental fallacy is that the revocation of Knott's driving privileges was not imposed as a condition of her probation. Rather, like the fine, it was imposed in addition to, and separate from, the probationary period with its various attendant conditions. Consequently, the Magistrate's action was not a condition of Knott's probation, but was instead an *ultra vires* imposition of an impermissible sentence.[4] Underscoring the separation of probation and the revocation of driving privileges is the telling fact that the Magistrate suspended the revocation. Conditions of probation are not suspended; it would make no sense to do so. Probation is generally a substitute for incarceration or a fine. And, as a surrogate for these more severe penalties, the defendant's behavior is monitored during the probation period to ensure compliance with specified conditions. If a court considers a particular condition inappropriate, it simply does not impose it. It is nonsensical to impose a condition of probation and then to suspend it.

■ Without deciding the issue, the Court notes that a different result might obtain should a Magistrate make revocation of driving privileges a condition of probation. To be sure, federal courts and magistrates have wide discretion to impose appropriate conditions of probation. This is confirmed by the breadth of the guidelines set out in the probation statute. Federal courts may impose any condition on probation so long as it is "reasonably related to the factors set forth in Section 3553(a)(1) and (a)(2)." 18 U.S.C. § 3563(b). These broadly defined factors include, *inter alia,* just punishment for the particular offense, deterrence to future offenses, and protection for the public from further crimes by the defendant. 18 U.S.C. § 3553(a)(2)(A)–(C). The government submits, and the Court agrees,[5] that suspension of Knott's driving privileges would be "reasonably related" to these factors. Thus, revocation would be a particularly appropriate punishment for a DWI offense; it would deter the offender, as well as others, from future, similar conduct; and it would protect the public by incapacitating the offender to the greatest extent possible short of incarceration.

■ In sum, the portion of defendant's sentence revoking her driving privileges and then suspending the revocation was not imposed as a condition of probation. Therefore, whether revocation of driving privileges could be imposed as a condition of probation is neither presented nor decided in *Knott I* or here. Nothing in *Knott I* should be construed as limiting a magistrate's power to fashion and impose appropriate conditions of probation.[6] Moreover,

4. As noted in *Knott I,* "it is axiomatic that federal magistrates ... may not impose a punishment beyond that permitted by the applicable federal statute." *Knott I,* 722 F.Supp. at 1367. Under the Sentencing Reform Act of 1984, unless otherwise specifically provided for, sentences for federal crimes consist only of fines, terms of imprisonment, and periods of probation. 18 U.S.C. § 3551. Here, the laws that specifically addressed Knott's DWI offense, the Regulations and their enabling statute, expressly limited the permissible penalties for any violation, including DWI, to a maximum of a $500 fine, six months imprisonment, or both. 18 U.S.C. § 13; 36 C.F.R. § 1.3. Thus no federal law authorized the Magistrate to revoke Knott's driving privileges in Virginia, except, possibly, as a condition of probation. The fact that the Virginia General Assembly has apparently consented to such action, *see* Va.Code Ann. § 46.2–415 (Repl.Vol.1989), is immaterial. State legislatures, absent Congressional acquiescence evidenced by legislation analogous to the ACA, are incapable of authorizing criminal

rules of decision or sentencing guidelines for federal courts.

5. To the extent that *Knott I* indicates that suspension of driving privileges would not be an appropriate condition on federal probation for DWI offenses, that indication is not correct. This does not mean, however, that it would be permissible. *See infra* note 6.

6. In this context, however, it is worth noting that when Congress amended the ACA to authorize federal judges to impose license revocation for DWI convictions, it explicitly restricted this authority to the federal enclave. 18 U.S.C. § 13(b). Thus, when federal courts use state DWI laws to fill in gaps in federal law, they are limited to revoking driving privileges solely within the federal enclave. While such a geographical restriction does not apply to DWI convictions pursuant to non-assimilating federal law, like the Regulations, the apparent federalism concerns that motivated the statutory limi-

as noted in *Knott I,* nothing prevents a federal judge or magistrate from informing or ordering the defendant, as a condition of probation, to inform the pertinent state agency of the DWI conviction so that it may take whatever administrative action it deems proper in the circumstances.

The government's Motion for Reconsideration of this Court's Opinion of October 19, 1989, therefore, is DENIED.

tation should be considered by a federal judge or magistrate when exercising the discretion to

fashion probation conditions.