Wilson L. SOLOMON, Appellant,

v.

UNITED STATES, Appellee.

No. 87–1161.

District of Columbia Court of Appeals.

Decided Feb. 2, 1990.

Richard S. Stolker, Rockville, Md., appointed by this court, for appellant.

Jay B. Stephens, U.S. Atty., with whom John R. Fisher, Asst. U.S. Atty., Washington, D.C., were on the petition, for appellee.

Before ROGERS, Chief Judge, TERRY, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

Appellant was convicted of two counts of assault with intent to kill while armed, D.C.Code §§ 22–501, –3202 (1989 Repl.), and one count of assault with a dangerous weapon, D.C.Code § 22–501 (1989 Repl.). He appealed. This court vacated the assault with a dangerous weapon conviction and, noting that the trial court's original sentence did not comply with the mandatory minimum sentencing provision of D.C. Code § 22–3202 (1989 Repl.), remanded the case to the trial court for resentencing with regard to the remaining convictions. *Solomon v. United States*, No. 87–54, Memorandum Opinion and Judgment (D.C. June 18, 1987). On remand, the trial court resentenced appellant to consecutive sentences of five to twenty-five years on each count of assault with intent to kill while armed. The court also stipulated that the sentences were subject to the mandatory minimum provision but not subject to good time credits.

Appellant appealed the trial court's sentence on remand. *Solomon v. United States*, 561 A.2d 475 (D.C.1989) *(per curiam), vacated* (D.C. Dec. 11, 1989). He argued that (1) the mandatory minimum provision of D.C.Code § 22–3202 is an unconstitutional limitation of the trial court's discretion in sentencing, (2) subsection (a)(1) of the statute is vague and must be interpreted to require a previous conviction before its mandatory minimum provision applies, (3) the trial court erred in ruling that the minimum sentence would not be subject to good time credits, and (4) the trial court's imposition of a greater sentence on remand violated the prohibition against double jeopardy. We found all of appellant's contentions meritless except for his assertion regarding the applicability of good time credits.[1] We concluded that it

---

1. This court has previously rejected the argument that mandatory minimum sentencing provisions are unconstitutional. *See Maye v. United States*, 534 A.2d 349 (D.C.1987). The plain language of § 22–3202(a)(1) refutes appellant's argument that the section's use of the term

was error for the judge to rule that good time credits should not be applied to the sentence and remanded the case for correction of the sentence. *Id.* That opinion has been vacated by order dated December 11, 1989, and in response to the government's request for reconsideration, we now issue this opinion.

Specifically, appellant seeks to have good time credit applied to his minimum sentence. The District of Columbia Good Time Credits Act of 1986 (GTCA) was enacted on April 11, 1987. D.C.Code § 24–428 *et seq.* (1989 Repl.). Prior to the GTCA, neither the District of Columbia nor the federal government allowed good time credits against minimum sentences; good time credit was allowed only against maximum sentences. Council of the District of Columbia, Report on the District of Columbia Good Time Credits Act of 1986, at 2 (November 12, 1986) (Report). The GTCA changes the previous law by allowing good time credits to be applied against minimum sentences. D.C.Code § 24–428(b). However, it specifically excludes persons convicted under D.C.Code §§ 22–3202, –501. D.C.Code § 24–434 (1989 Repl.).[2]

Appellant does not challenge the government's interpretation of the GTCA whereby appellant was not entitled to statutory good time against the mandatory minimum sentence under D.C.Code § 24–405 (repealed 1987) either before or after passage of the GTCA. Appellant's sole argument is that unless the Council of the District of Columbia has impermissibly overruled 18

U.S.C. § 4161 (1982), he is entitled to good time credits under the federal law.

Since the GTCA applies only to D.C.Code offenders housed in D.C. facilities, D.C. Code § 24–428(a), the law is appropriately within the purview of the Council and does not conflict with the federal statute. *See Rodriguez v. United States*, 480 U.S. 522, 107 S.Ct. 1391, 1392, 94 L.Ed.2d 533 (1987) (implied repeal not favored unless "clear and manifest"). Furthermore, the GTCA does not conflict with 18 U.S.C. § 4161 because the federal law applies good time credits only to the *maximum* sentence. *Moss v. Clark*, 698 F.Supp. 640, 643 (E.D. Va.1988) (good time credits applied to maximum sentence).[3]

*Affirmed.*

---

"offenses" must be understood to require a previous conviction before the mandatory minimum sentence for the commission of a crime of violence while armed with a firearm is imposed. We see no vagueness in the provision on this point. Subsection (a)(1) by its own terms explicitly applies to individuals convicted of crimes of violence "for the first time."

It is clear from the record, and specifically from the trial court's reference to the mandatory minimum provisions, that the trial court did not impose a greater sentence on remand out of vindictiveness against appellant for successfully appealing, as prohibited by *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), but that the court imposed the greater sentence to comply with the law. Thus, the sentence does not violate the Double Jeopardy Clause.

**2.** Nor does appellant qualify for constitutional ex post facto law protection. *United States v. Jackson*, 528 A.2d 1211, 1223 (D.C.1987). Since he never qualified for application of good time credits to his minimum sentence before and does not qualify now, his status remains unaffected.

**3.** Also, reviewing the existing law with respect to good time credits, the legislative history for the GTCA noted that "[a]ll good time credits are currently applied *exclusively* to the *maximum* sentence. Since almost all inmates are released prior to serving their maximum term, good time credits have little impact on an inmates [sic] release date." Report, *supra* at 2 (emphasis added).