UNITED STATES of America

v.

Anthony HAMBSCH.

Civ. No. S 90–0373.

United States District Court,
D. Maryland.

Oct. 23, 1990.

Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., Jane F. Nathan, Asst. U.S. Atty., Hyattsville, Md., for plaintiff.

Daniel J. Slattery, Jr., Washington, D.C., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This matter is before the Court on an appeal from a judgment of conviction for violation of 36 C.F.R. § 4.23(a)(1989) entered by United States Magistrate James E. Kenkel on September 6, 1990.

The only issue on appeal is whether the magistrate erred in accepting into evidence the results of a breath test for alcohol performed by the arresting officer. Appellant relies upon a provision of Maryland law, Cts. & Jud.Proc.Code Ann. § 10–304(b) (1989 Repl.Vol. & 1990 Supp.) which provides that "[t]he officer arresting the individual may not administer the test of

breath." Appellant argues that this provision of Maryland law is incorporated into Title 36 C.F.R. by operation of 36 C.F.R. § 4.2(a)(1989), which is set forth below:

Unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law. State law that is now or may later be in effect is adopted and made a part of the regulations in this part.

Appellant's position is unconvincing. First, there is persuasive authority from a sister district court in this Circuit interpreting § 4.2 as having no application to prosecutions under § 4.23(a), the offense of which appellant here was convicted. *United States v. Knott*, 722 F.Supp. 1365, 1369 (E.D.Va.1989). See also *United States v. Knott*, 726 F.Supp. 1042, 1043 n. 2 (E.D.Va. 1989). Furthermore § 4.23 contains specific provisions governing the administration and use of breath alcohol tests in prosecutions under that section, thus making the incorporation provision of § 4.2(a) completely inapplicable.

Even if § 4.23 did not operate to the exclusion of § 4.2(a), there is substantial authority interpreting both federal regulations incorporating state law and the Assimilative Crimes Act, 18 U.S.C. § 13, to the effect that state rules of evidence or procedure governing such things as admissibility of alcohol test results are inapplicable in federal prosecutions for drunk driving, in that only the substantive law of the state is intended to be assimilated, not its evidentiary or procedural law. *See United States v. Brotzman*, 708 F.Supp. 713, 714–15 (D.Md. 1989). *See also United States v. Berry*, 866 F.2d 887, 890 (6th Cir.1989) and *United States v. Wilmer*, 799 F.2d 495, 500 (9th Cir.1986) (applying Fourth Circuit law first articulated in *Kay v. United States*, 255 F.2d 476 (4th Cir.), *cert. denied*, 358 U.S. 825, 79 S.Ct. 42, 3 L.Ed.2d 65 (1958).)

For the reasons stated, the instant appeal must be dismissed, and the conviction affirmed.