**In re Dennis J. BRUBECK
and Lee Ann Brubeck.**

**No. TH 90–3–C.**

United States District Court,
S.D. Indiana,
Evansville Division.

July 10, 1991.

---

**140**

Kelvin L. Roots, Patrick Wilkinson Goeller & Modesitt, Terre Haute, Ind., for debtor.

Richard W. Lorenz, Spencer, Ind., trustee.

Donald L. Decker, Terre Haute, Ind., trustee.

Shirley D. Peterson, Jeffrey Hunter, Asst. U.S. Attys., D. Patrick Mullarkey, Robert L. Handros, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

Douglas J. DeGlopper, Deputy Atty. Gen., Indianapolis, Ind., for Ind. Dept. of Revenue.

E. Franklin Childress, Indianapolis, Ind., U.S. Trustee.

## MEMORANDUM

BROOKS, Chief Judge.

Dennis J. Brubeck and Lee Ann Brubeck appeal the final order of the Bankruptcy Court entered 8 December 1989 in Bankruptcy Cause number 89–41 TH. The Brubecks were young family farmers who, because of economic conditions, were unable to continue to farm. It is unfortunate that this opinion is but another sad chapter in their farming lives and but one of many thousands of other sad footnotes to the story of family farming in America.

Brubecks owned farm equipment on which the Farm Home Administration (FmHA) held a lien in excess of one hundred sixty eight thousand dollars ($168,000). On 3 February 1987 Brubecks sold farm equipment at public auction for one hundred nine thousand seven hundred sixty-two dollars ($109,762.00). At that time the equipment had an adjusted basis of three thousand one hundred eighty-nine dollars ($3,189.00). As a result of the sale, Brubecks realized income in the amount of one hundred six thousand five hundred seventy three dollars ($109,762 − $3,189.00 = $106,573.00). Brubecks paid the proceeds from the sale to FmHA in partial satisfaction of the debt; FmHA did not discharge the remaining debt. The bankruptcy court determined the Brubecks federal tax liability on this transaction to be twelve thousand two hundred eighty dollars ($12,280.00) and their Indiana tax liability to be five thousand three hundred nineteen dollars ($5319.00).

■ Brubecks argue they fall within the three exceptions from gross income in 26 U.S.C. § 108(a)(1).

Gross income does not include any amount which (but for this subsection) would be includible in gross income by reason of the discharge (in whole or in part) of indebtedness of the taxpayer if—

(A) the discharge occurs in a title 11 case,

(B) the discharge occurs when the taxpayer is insolvent, or

(C) the indebtedness discharged is qualified farm indebtedness.

26 U.S.C. § 108(a)(1). This section addresses the circumstance where a debt is discharged. Here the Brubecks debt was not discharged by FmHA; the Brubecks paid money against the debt obtained from the sale of farm equipment on which FmHA had a lien and FmHA maintained a claim against Brubecks for the deficiency. Section 108 is inapplicable to this case.

Brubecks also argue the case law on this subject supports their position. They cite *Dallas T. & T. Warehouse Co. v. Commission of Internal Revenue*, 70 F.2d 95 (5th Cir.1934) as one of the few cases dealing with the issues involved here. Unfortunately for the Brubecks, *Dallas* is not directly on point. Like § 108(a)(1), *Dallas* concerns the discharge of a debt. In *Dallas*, the debt incurred on a real estate lease was discharged and future lease payments reduced in exchange for another piece of real estate of lesser value than the debt. In *Dallas*, there was an exchange of property for the discharge of a debt; here there was a sale of property and a cash payment of part of the debt, but there was no discharge. *Dallas* is inapplicable to this case.

■ Brubecks further argue there is a legislative intent to prevent the type tax

liability the Brubecks now face as a result of this transaction. Again unfortunately for the Brubecks, they cannot tie this intent to any ambiguous statutory enactment currently in force. Where the language of a provision is sufficiently clear in its context and not at odds with the legislative history, there is no occasion to examine the additional considerations of policy that may have influenced the lawmakers in their formulation of the statute. *Rodriguez v. United States*, 480 U.S. 522, 526, 107 S.Ct. 1391, 1393–94, 94 L.Ed.2d 533 (1987). Section 108 is unambiguous in its applicability to discharged debts: there is no ambiguity concerning undischarged debts, § 108 does not discuss them. Brubecks' discussion of 26 U.S.C. § 57(a)(9) is also meritless. As Brubecks note in their brief, this statute was repealed; it is therefore inapplicable to this case. Though Brubecks may be correct that this is not what Congress intended, it is nevertheless what the statute they drafted proscribes.

Brubecks finally argue that if this result is applied uniformly in all cases, then there will be resultant unconscionable tax consequences in every bankruptcy case. This argument ignores that this sale did not occur as a part of a bankruptcy proceeding, rather it occurred approximately eleven months prior to Brubecks' bankruptcy petition. There is no reasonable basis to believe that the forewarned dangers of harm to the bankruptcy system will occur as a result of this opinion.

The Bankruptcy Court did not err in entering the final order of 8 December 1989. The order of the Bankruptcy Court is affirmed.