USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1796 ROBERT J. NOWD, Plaintiff, Appellant, v. ROBERT RUBIN, SECRETARY DEPARTMENT OF TREASURY, Defendant, Appellee.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________  ____________________ Cyr, Boudin and Stahl, Circuit Judges. ______________  ____________________ Edward L. Hoban for appellant. _______________ Lori J. Holik, Assistant United States Attorney, with whom Donald _____________ ______ K. Stern, United States Attorney, was on brief for appellee. ________  ____________________ February 12, 1996  ____________________ CYR, Circuit Judge. After securing an advantageous CYR, Circuit Judge.  _____________ pretrial settlement of his age discrimination claim against the Secretary of the United States Department of the Treasury, plaintiff Robert J. Nowd, a Special Agent with the Bureau of Alcohol, Tobacco and Firearms, unsuccessfully sought an attorney fee award under both the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 et seq., and the Equal Access to __ ____ Justice Act ("EAJA"), 28 U.S.C. 2412(b), then initiated the present appeal. We vacate the district court order and remand for further proceedings.  DISCUSSION  DISCUSSION  __________ The district court, relying on Lewis v. Federal Prison _____ ______________ Indus., Inc., 953 F.2d 1277 (11th Cir. 1992), held that neither ____________ the ADEA nor the EAJA authorizes an attorney fee award to a federal employee who prevails against the United States in an age discrimination in employment action. Nowd faults the district court ruling in two respects. First, he contends that Lewis _____ misconstrued the ADEA attorney fee provision. Second, he argues that the Lewis reasoning does not extend to the dissimilar EAJA _____ attorney fee provision.1  A. The ADEA A. The ADEA ________ Congress enacted the ADEA in 1967 to enable legal recourse by private sector employees subjected to age discrimination in the workplace, see Lorillard v. Pons, 434 U.S. ___ _________ ____  ____________________ 1We review the challenged statutory interpretations de novo. __ ____ See Riva v. Commonwealth of Mass., 61 F.3d 1003, 1007 (1st Cir. ___ ____ ______________________ 1995). 2 575, 577-81 (1978), by providing that "the court[s] shall have jurisdiction to grant such legal or equitable relief as may be ____ _____ __ _________ ______ __ ___ __ appropriate to effectuate the purposes of [the ADEA], including ___________ without limitation judgments compelling employment, reinstatement or promotion." 29 U.S.C. 626(b) (emphasis added); see also id. ___ ____ ___ 626(c)(1) ("Any person aggrieved may bring a civil action in any court . . . for such legal or equitable relief as will ____ _____ __ _________ ______ __ ____ effectuate the purposes of this chapter.") (emphasis added). __________ ___ ________ __ ____ _______ ADEA 626(b) expressly incorporated particular provisions of the Fair Labor Standards Act ("FLSA"), including FLSA 216(b) which states that "[t]he court . . . shall, in addition to any judgment _____ awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. 216(b) (emphasis added).  It was not until 1974, see id. 633a, that certain ___ ___ federal government employees became entitled to protection under the ADEA. Lewis, 953 F.2d at 1281. Moreover, Congress did not _____ explicitly extend the FLSA attorney fee provision, viz., FLSA  216(b), to public sector employees, as it had done earlier with respect to private sector employees. Id. Finally, subsection __ 633a(f) flatly states that any ADEA claim brought by a public sector employee under new section 633a is neither affected by nor subject to "any provision of . . . [the ADEA], other than the provisions of section 631(b) of this title [pertaining to age limits] and the provisions of this section [633a]." 29 U.S.C.  633a(f); see also Lewis, 953 F.2d at 1281.  ___ ____ _____ 3 4 Nowd nonetheless argues that subsection 633a(c), authorizing "such legal or equitable relief as will effectuate the purposes of [the ADEA]," should be read to empower an award of attorney fees against the United States. We do not agree.  For one thing, the explicit restriction set forth in subsection 633a(f) at the time that section 633a (including subsection 633a(c)) was enacted, plainly provides that section 633a is a self-contained provision applicable exclusively to ADEA claims against public sector employers. Lewis, 953 F.2d at 1281- _____ 82; see Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981) (holding ___ ______ ________ that federal employees do not have the right to jury trial available to private sector ADEA claimants). Second, under the so-called "American Rule," parties in litigation ordinarily bear their own attorney fees. See BTZ, Inc. v. Great Northern Nekoosa ___ _________ ______________________ Corp., 47 F.3d 463, 465 (1st Cir. 1995); Committee on Civic _____ ___________________ Rights of the Friends of Newburyport Waterfront v. Romney, 518 _________________________________________________ ______ F.2d 71, 72 (1st Cir. 1975). Exceptions normally obtain only for fee shifting awards expressly authorized by statute. Id. (citing _________ ___ Alyeska Pipeline Serv. Co. v. The Wilderness Soc'y, 421 U.S. 240 ___________________________ ____________________ (1975)). Third, the availability vel non of attorney fees under ___ ___ section 633a directly implicates the doctrine of sovereign immunity. See United States v. Horn, 29 F.3d 754, 761 (1st Cir. ___ _____________ ____ 1994) (citing Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 ___________ ____________ (1983)). Absent an express and unequivocal waiver, the United _______ ___________ States is immune from suit. Id. at 761-62; see also Lehman, 453 ___ ___ ____ ______ U.S. at 160-61. Waivers of sovereign immunity are to be strictly 5 construed in favor of the United States and "must not be enlarged beyond such boundaries as [the statute's] language plainly requires." Horn, 29 F.3d at 762 (citing United States v. Nordic ____ _____________ ______ Village, Inc., 503 U.S. 30, 33-34 (1992)); cf. Lehman, 453 U.S. _____________ __ ______ at 160-61 (limiting right to jury trial under ADEA).  The generalized language in subsection 633a(c) (authorizing "such legal or equitable relief as will effectuate the purposes of [the ADEA]") is insufficient to overcome either the American Rule or sovereign immunity. Whatever else the Congress may have intended to accomplish by its enactment of subsection 633a(c), it made no express reference to attorney fee _______ awards against the United States. Furthermore, the broad language in subsection 633a(c) relied on by Nowd "legal or equitable relief" cannot be deemed an express statutory authorization of attorney fee awards against the United States without ignoring Congress' explicit incorporation of FLSA  216(b) which specifically provided for attorney fee awards in private sector cases, notwithstanding the presence of the _______________ ___ ________ __ ___ identical phrase "legal or equitable relief" in ADEA 626(b) at _________ ______ the time FLSA 216(b) was incorporated.  Were we to construe the phrase "legal or equitable relief" as encompassing attorney fee awards against the United States, Congress' explicit incorporation of FLSA 216(b) into the private sector ADEA scheme would be reduced to an empty exercise and no effect would be given to ADEA 633a(f), which expressly confines the federal-employee ADEA claims procedure 6 within a self-contained scheme and defines the remedial limits of federal government liability under the ADEA. See Lehman, 453 ___ ______ U.S. at 168; see also Rodriguez v. United States, 480 U.S. 522, ___ ____ _________ _____________ 525 (1987) ("'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate . . . exclusion.'") (citations omitted); State of Rhode Island v. Narragansett Indian _____________________ ___________________ Tribe, 19 F.3d 685, 702 (1st Cir.), cert. denied, 115 S. Ct. 298 _____ _____ ______ (1994). Accordingly, we affirm the district court ruling that the ADEA itself does not authorize attorney fee awards against the United States.  B. The EAJA B. The EAJA ________ Alternatively, Nowd contends that he is entitled to an attorney fee award against the United States by virtue of the EAJA, which provides, in part, that "[u]nless expressly _________ prohibited by statute, a court may award reasonable fees and __________ ___ expenses of attorneys . . . to the prevailing party in any civil ___ action brought . . . against the United States." 28 U.S.C.  2412(b) (emphasis added). The EAJA provides for awards against the United States "to the same extent that any other party would be liable under . . . the terms of any statute which specifically _____ ____________ provides for such an award." Id. (emphasis added). Thus, EAJA  ________ ___ ____ __ _____ ___ 2412(b) permits an attorney fee award against the United States where a private litigant would be amenable to a fee award under the statute establishing the particular cause of action. Id.; ___ 7 see also H.R. Rep. No. 1418, 96th Cong., 2d Sess. 8 (1980), ___ ____ reprinted in 1980 U.S.C.C.A.N 4984, 4987.  _________ __ As noted above, see supra p. 3, the ADEA expressly ___ _____ imports various remedial provisions from the FLSA, including FLSA 216(b), which permits attorney fee awards in actions against private sector employers. See 29 U.S.C. 626(b). Consequently, ___ a prevailing ADEA claimant is entitled to a reasonable attorney fee award against a private sector employer. Thus, it is _______ entirely consistent with the EAJA's purpose that the United States, qua employer, assume responsibility on a "completely ___ equal footing" with private sector employers in regard to attorney fee awards under the ADEA. See H.R. Rep. No. 1418, ___ reprinted in 1980 U.S.C.C.A.N. at 4987 (citing Natural Resources _________ __ _________________ Defense Council v. E.P.A., 484 F.2d 1331 (1st Cir. 1973)). ________________ ______ Further, in keeping with the proviso to EAJA 2412(b), ADEA  633a(c) cannot be said by its silence, cf. supra Section A  ___ _____ to "expressly prohibit[]" attorney fee awards against the United States. See 29 U.S.C. 633a(c). We therefore conclude that the ___ EAJA empowers the district courts, in their reasonable discretion, to award prevailing ADEA claimants attorney fees and expenses against the United States.  C. The Nowd Application C. The Nowd Application ____________________ The United States nonetheless contends that Nowd is not entitled to an attorney fee award under the EAJA, since the fee application is deficient. See, e.g., Grendel's Den, Inc. v. ___ ____ ____________________ Larkin, 749 F.2d 945, 952 (1st Cir. 1984) (noting potential ______ 8 adverse consequences of counsel's failure to maintain contemporaneous time records). As the district court has yet to decide whether to exercise its discretion in this case, it should be afforded an opportunity to consider the Nowd application in the first instance. See Foster v. Mydas Assocs., Inc., 943 F.2d ___ ______ ___________________ 139, 144-45 (1st Cir. 1991) (noting that determination of fee award by appellate court in first instance would usurp trial court function); see also Grendel's Den, Inc., 749 F.2d at 952 ___ ____ ____________________ (noting that absence of contemporaneous time records does not invariably result in total disallowance of fee application, but _____ ____________ instead may warrant only a "substantial reduction"). Moreover, it appears that Nowd did not have an adequate opportunity to respond to the contention that the fee application was deficient. The record reveals that the district court disallowed the fee application, on other grounds, two days after the government ___ ____ first opposed it as deficient in form. As Nowd should be given an opportunity to respond, or amend the fee application, we remand to the district court for further proceedings consistent with this opinion.  CONCLUSION CONCLUSION __________ In sum, we hold that the ADEA, 29 U.S.C. 633a, does not mandate an award of attorney fees and expenses against the United States for the benefit of a prevailing public sector employee, but that the EAJA, 28 U.S.C. 2412(b), nonetheless permits a discretionary award of attorney fees and expenses against the United States for the benefit of a prevailing ADEA 9 claimant. For the foregoing reasons, we vacate the district court For the foregoing reasons, we vacate the district court _______________________________________________________ order and remand for further proceedings consistent with this order and remand for further proceedings consistent with this _________________________________________________________________ opinion.  opinion.  _______ 10