Filed 9/2/16  P. v. Hubert CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN LLOYD HUBERT,<br><br>        Defendant and Appellant. | C080123<br><br>(Super. Ct. No. CRF-2012-1622-2) |

Defendant Kevin Lloyd Hubert appeals from the trial court's denial of his Penal Code section 1170.18 (unless otherwise set forth, statutory references that follow are to the Penal Code) petition for resentencing on his conviction for unlawfully driving or taking a vehicle (Veh. Code, § 10851).  He contends that the crime of unlawfully driving or taking a vehicle comes within the resentencing provisions of section 1170.18 because it is a theft statute subject to section 490.2.  We affirm the judgment.

FACTS AND PROCEEDINGS

On April 3, 2012, Jonathan Flores found his white Oldsmobile was not in its usual parking spot at his Woodland apartment complex.  A police officer spotted defendant

1

driving the stolen car on April 7, 2012. When the officer started to follow him, defendant accelerated rapidly and ran a red light, almost hitting a truck. The officer broke off pursuit when defendant reached a speed of about 100 miles per hour. The officer continued in the same direction defendant drove, and found the Oldsmobile crashed into the front yard of a house, damaging a city water main and a pole. Defendant tried to run away, but was caught by the officer and a police dog. Upon being searched, defendant was found to possess methamphetamine. He said that he had bought the vehicle "for a couple hundred dollars" from a person named "Slick" and had received a pink slip recording the transaction. Defendant could not produce the pink slip.

A jury convicted defendant of three misdemeanor offenses, reckless driving, hit-and-run with property damage, and resisting or obstructing a peace officer, acquitted him of transportation of a controlled substance, and could not reach a verdict on unlawfully driving or taking a vehicle. The trial court declared a mistrial on the unlawful driving or taking charge, and following a second trial, a jury convicted defendant of that offense. The trial court sustained a strike and three prior prison term allegations, and sentenced defendant to nine years in state prison.

Defendant later filed a section 1170.18 petition for resentencing on the unlawful driving or taking conviction. At the hearing on the petition, the prosecution and the defense agreed that the Oldsmobile was worth less than $950. The trial court denied the petition, finding that Vehicle Code section 10851 was not subject to section 1170.18 resentencing.

DISCUSSION

Defendant argues the trial court erred in finding his conviction for unlawfully driving or taking a vehicle was not subject to the resentencing provisions of section 1170.18. This issue is currently before the California Supreme Court. (See, e.g., *People v. Ortiz*, 2016 Cal.LEXIS 1821, review granted March 16, 2016, S232344; *People*

2

*v. Haywood* (2015) 243 Cal.App.4th 515, review granted March 9, 2016, S232250; and *People v. Page* (2015) 241 Cal.App.4th 714, review granted January 27, 2016, S230793.)

Section 1170.18, subdivision (a) provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Section 1170.18 was enacted as part of Proposition 47, which reduced many crimes from felony to misdemeanor. As pertinent to this case, Proposition 47 added section 490.2, which states in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a).)

Defendant contends that Vehicle Code section 10851 defines a type of theft, and is therefore subject to section 490.2 for thefts of vehicles that do not exceed $950 in value. He claims this follows from a commonsense reading of the term "theft" as used in section 490.2. Since unlawfully taking or driving a vehicle is a lesser included offense of grand theft auto, section 487, subdivision (d) (see *People v. Barrick* (1982) 33 Cal.3d 115, 128), he contends that not subjecting Vehicle Code section 10851 to section 490.2 would create an anomalous result not intended by the voters. Defendant also claims his contention is consistent with the voters' intent in passing Proposition 47, and that equal protection requires thefts of vehicles worth $950 or less to be treated the same as other thefts of similar value.

The initiative reduced to misdemeanors three drug crimes, Health and Safety Code sections 11350, 11357, and 11377, as well as the property crimes of forging or writing

3

bad checks (§§ 473, 476a) and receiving stolen property (§ 496). It also reduced to misdemeanors thefts and certain burglaries of commercial premises that did not exceed $950 through the newly enacted crimes of petty theft (§ 490.2) and shoplifting (§ 459.5), and limited felony punishment for petty theft with a prior (§ 666) for recidivists who would be disqualified from resentencing under the initiative. (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Official Title and Summary of Prop. 47, p. 34 (2014 Voter Guide); see also *id.*, text of Prop. 47, §§ 5-13, pp. 71-73.)

Vehicle Code section 10851 is notably absent from the criminal statutes changed by Proposition 47. As previously noted, the initiative allows for resentencing of those whose crimes would have been misdemeanors had Proposition 47 been in effect at the time of the offense. Since Proposition 47 did not amend Vehicle Code section 10851, defendant's crime would still be subject to felony or misdemeanor punishment had the initiative been in effect at the time of his crime. (See Veh. Code, § 10851, subd. (a).) Therefore, based on the statutory language alone, whether before or after Proposition 47, defendant could be convicted for a felony violation of Vehicle Code section 10851.

Defendant's claim instead centers on an interpretation of section 490.2, specifically the phrase, "[n]otwithstanding Section 487 or any other provision of law defining grand theft[.]"

"In interpreting a voter initiative, we apply the same principles that govern our construction of a statute. [Citation.] We turn first to the statutory language, giving the words their ordinary meaning. [Citation.] If the statutory language is not ambiguous, then the plain meaning of the language governs. [Citation.] If, however, the statutory language lacks clarity, we may resort to extrinsic sources, including the analyses and arguments contained in the official ballot pamphlet, and the ostensible objects to be achieved. [Citations.]" (*People v. Lopez* (2005) 34 Cal.4th 1002, 1006.)

The problem with defendant's proposed interpretation of section 490.2 is that Vehicle Code section 10851 does not describe a form of grand theft. The crime of

4

unlawfully driving or taking a vehicle " 'proscribes a wide range of conduct.' [Citation.] A person can violate [Vehicle Code] section 10851[, subdivision] (a) 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).' [Citations.]" (*People v. Garza* (2005) 35 Cal.4th 866, 876.) Since section 490.2 amends only section 487 and any other provision defining grand theft, it is simply inapplicable to Vehicle Code section 10851. For this same reason, it is therefore irrelevant that Vehicle Code section 10851 is a lesser included offense of grand theft auto. Since the crime of unlawfully taking or driving a vehicle proscribes theft and nontheft activity, it is not anomalous to preclude this crime from section 490.2.

The Legislature does not define grand theft by implication. Section 487 is not the only penal statute that specifically defines a form of grand theft. (See, e.g., §§ 484e, subd. (a) ["Every person who, with intent to defraud, sells, transfers, or conveys, an access card, without the cardholder's or issuer's consent, is guilty of grand theft"], 487a, subd. (a) [any theft of a "horse, mare, gelding, any bovine animal, any caprine animal, mule, jack, jenny, sheep, lamb, hog, sow, boar, gilt, barrow, or pig" is grand theft], 487d ["Every person who feloniously steals, takes, and carries away, or attempts to take, steal, and carry from any mining claim, tunnel, sluice, undercurrent, riffle box, or sulfurate machine, another's gold dust, amalgam, or quicksilver is guilty of grand theft"].) Section 490.2 covers crimes such as these rather than offenses with nontheft components like unlawfully driving or taking a vehicle.

Defendant relies on the broad purpose of the initiative, "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and [to] support programs in K-12 schools, victim services, and mental health and drug treatment," (2014 Voter Guide, *supra*, text of Prop. 47, § 2, p. 70) as well as its provision for liberal interpretation (*id.*, § 18, p. 74) in support of his position. He also

5

contends that a contrary interpretation would also create an absurd consequence not intended by the voters. We do not accept either of these contentions.

"But no legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice--and it frustrates rather than effectuates legislative intent simplistically to assume that whatever furthers the statute's primary objective must be the law. Where, as here, 'the language of a provision . . . is sufficiently clear in its context and not at odds with the legislative history, . . . "[there is no occasion] to examine the additional considerations of 'policy' . . . that may have influenced the lawmakers in their formulation of the statute." ' [Citation.]" (*Rodriguez v. United States* (1987) 480 U.S. 522, 525-526 [94 L.Ed.2d 533, 538]; accord, *County of Sonoma v. Cohen* (2015) 235 Cal.App.4th 42, 48.) This is true even where legislation calls for "liberal" construction. (See, e.g., *Foster v. Workers' Comp. Appeals Bd.* (2008) 161 Cal.App.4th 1505, 1510 [workers' compensation law].) The essence of lawmaking is the choice of deciding to what extent a particular objective outweighs any competing values, and a court in the guise of interpretation should not upset this balance where it is spelled out in the text of a statute. (*County of Sonoma*, at p. 48.)

The text of Proposition 47 does not support applying section 1170.18 resentencing to Vehicle Code section 10851 convictions. Likewise, by its terms, section 490.2 applies to section 487 and other statutes that explicitly define a form of grand theft. Since Vehicle Code section 10851, both by its text and as interpreted, does not define a grand theft offense, section 490.2 does not cover the crime. Therefore, the general purpose of Proposition 47 cannot be invoked to the clear meaning of Proposition 47 generally, and specifically, sections 1170.18 and 490.2. (See *People v. Morales* (2016) 63 Cal.4th 399, 408 ["But the purpose of saving money does not mean we should interpret the statute in every way that might maximize any monetary savings"].)

6

We also reject defendant's equal protection argument. "[N]either the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles. [Citation.]" (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) It has therefore long been the case that "a car thief may not complain because he may have been subjected to imprisonment for more than 10 years for grand theft of an automobile [citations] when, under the same facts, he might have been subjected to no more than 5 years under the provisions of section 10851 of the Vehicle Code." (*People v. Romo* (1975) 14 Cal.3d 189, 197.) Unless the defendant can show that he or she " 'has been singled out deliberately for prosecution on the basis of some invidious criterion,' . . . the defendant cannot make out an equal protection violation. [Citation.]" (*Wilkinson,* at p. 839.) Defendant has not made this showing, so his claim fails.

DISPOSITION

The judgment (order) is affirmed.


    HULL    , Acting P. J.


We concur:


    ROBIE    , J.


    BUTZ    , J.


7