Filed 9/20/16  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for
publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
THIRD APPELLATE DISTRICT
(San Joaquin)
----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JERMAINE LAMONT SMITH,<br><br>    Defendant and Appellant. | C079842<br><br>(Super. Ct. No. SF080321B) |

Defendant Jermaine Lamont Smith appeals from the trial court's order denying his Penal Code section 1170.18 petition for resentencing as to his conviction for receiving a stolen vehicle (§ 496d, subd. (a); unless otherwise set forth, statutory references that follow are to the Penal Code).  He contends that his conviction qualified for resentencing. We affirm the court's order denying his petition.

FACTS AND PROCEEDINGS

Although defendant's notice of appeal concerned the trial court's denial of resentencing as to the receiving a stolen vehicle conviction and an earlier conviction for attempted residential burglary (§§ 664/459), he only disputes the denial of the petition as

1

to the receiving conviction. We discuss only the relevant facts and procedural background of that conviction.

Defendant and a companion were arrested after a police officer saw him driving a 1997 Honda Civic that had been reported stolen. (*People v. Smith* (June 4, 2015, C075887) [nonpub. opn.] at p. 1.) A jury convicted defendant of receiving a stolen vehicle. (*Id.* at p. 4.) The trial court sustained a strike and four prior prison term allegations (§§ 667, 1170.12, 667.5, subd. (b)) and sentenced defendant to a 10-year state prison term. (*Id.* at pp. 2, 4.)

Defendant, without the assistance of counsel, subsequently filed a section 1170.18 petition seeking resentencing as to the receiving conviction. The petition contained no factual allegations regarding the value of the stolen vehicle.

At the hearing on the petition, the prosecutor said, "This was a request for a reduction or change in the charge, it was a 496. This was a stolen car [worth] more than $2,000. We object. The party is not eligible pursuant to Prop. 47." The trial court replied, "All right, I think that the 496D(A) even [if] the car is worth [less] than $950, it would not be eligible. In this case, that's not even the case for more than both reasons, the petition is denied." Defendant's counsel replied that she thought defendant actually "admitted a 496 (A), which facially qualifies." The trial court informed counsel the conviction was for receiving a stolen vehicle under section 496d, subdivision (a).

### DISCUSSION

Defendant contends the trial court's denial was erroneous because a conviction for receiving a stolen vehicle is eligible for resentencing under section 1170.18.

Section 1170.18, subdivision (a) provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial

2

court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Section 1170.18 was enacted as part of Proposition 47, which reduced many crimes from a felony to a misdemeanor. As pertinent to this case, Proposition 47 amended section 496, which states in pertinent part: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 496, subd. (a).)

Defendant claims the $950 limit in section 496 applies as well to convictions under section 496d, thereby entitling him to resentencing under section 1170.18.

Whether section 1170.18 applies to section 496d convictions is an issue currently before the California Supreme Court. (See, e.g., *People v. Nichols* (2016) 244 Cal.App.4th 681, review granted Apr. 20, 2016, S233055; *People v. Garness* (2015) 241 Cal.App.4th 1370, review granted Jan. 27, 2016, S231031.)

As the petitioner in a section 1170.18 proceeding, defendant bears the burden of establishing eligibility for relief under section 1170.18. (Evid. Code, § 500; *People v. Sherow* (2015) 239 Cal.App.4th 875, 878; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449.) Defendant admits there is no evidence in the record regarding the value of the 1997 [Honda Civic] that formed the basis of defendant's receiving conviction. He made

no allegations regarding its value in the section 1170.18 petition, and on appeal, he merely asserts without evidence that the [Civic] is "a vehicle that in all likelihood would be valued at less than $950 on the market." Defendant's failure to carry his burden in the trial court or here justifies rejecting his contention.

Defendant's contention also fails because section 496d convictions are not subject to Proposition 47.

"In interpreting a voter initiative, we apply the same principles that govern our construction of a statute. [Citation.] We turn first to the statutory language, giving the words their ordinary meaning. [Citation.] If the statutory language is not ambiguous, then the plain meaning of the language governs. [Citation.] If, however, the statutory language lacks clarity, we may resort to extrinsic sources, including the analyses and arguments contained in the official ballot pamphlet, and the ostensible objects to be achieved. [Citations.]" (*People v. Lopez* (2005) 34 Cal.4th 1002, 1006.)

While Proposition 47 amended section 496 to limit felony punishment to cases where the value of stolen goods in question exceeds $950, it left section 496d unchanged. Both before and after Proposition 47, section 496d treats receiving a stolen vehicle as a wobbler without regard to the stolen vehicle's value. (§ 496d, subd. (a).) Proposition 47 also omitted 496d from the statutes subject to section 1170.18 sentencing, which allows a defendant to petition for resentencing "pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act . . . ." (§ 1170.18, subd. (b).)

The authors of Proposition 47 knew how to amend a statute by implication. Proposition 47 enacted section 490.2, which states in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as

4

a misdemeanor . . . ." (§ 490.2, subd. (a).) The phrase "[n]otwithstanding Section 487 or any other provision of law defining grand theft," necessarily covers grand theft in section 487 and other penal statutes defining grand theft. (See, e.g., §§ 487a, subd. (a) [any theft of a "horse, mare, gelding, any bovine animal, any caprine animal, mule, jack, jenny, sheep, lamb, hog, sow, boar, gilt, barrow, or pig" is grand theft], 487d ["Every person who feloniously steals, takes, and carries away, or attempts to take, steal, and carry from any mining claim, tunnel, sluice, undercurrent, riffle box, or sulfurate machine, another's gold dust, amalgam, or quicksilver is guilty of grand theft"].) Section 496 contains no such language referring to other statutes defining receiving stolen property.

Noting that section 496 covers "any property that has been stolen," (§ 496, subd. (a)) and the elements of sections 496 and 496d are nearly identical, defendant asks us to interpret the $950 limit in section 496 to cover section 496d in order to advance the broad purpose of Proposition 47. That purpose, "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and [to] support programs in K-12 schools, victim services, and mental health and drug treatment," (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70) does not support the interpretation suggested by defendant.

"But no legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice--and it frustrates rather than effectuates legislative intent simplistically to assume that whatever furthers the statute's primary objective must be the law. Where, as here, 'the language of a provision . . . is sufficiently clear in its context and not at odds with the legislative history, . . . "[there is no occasion] to examine the additional considerations of 'policy' . . . that may have influenced the lawmakers in their formulation of the statute." ' [Citations.]" (*Rodriguez v. United States* (1987) 480 U.S. 522, 525-526 [94 L.Ed.2d 533, 538]; accord *County of Sonoma v. Cohen* (2015)

5

235 Cal.App.4th 42, 48; italics omitted.)  Legislation necessarily involves the weighing of competing objectives and values, and a court in the guise of interpretation should not upset this balance where it is spelled out in the text of a statute.  (*County of Sonoma*, at p. 48.)

Proposition 47 unambiguously did not include the crime of receiving a stolen vehicle as one of the criminal statutes it changed.  Its authors and the voters intended to change a limited number of criminal statutes, those either directly mentioned in section 1170.18, subdivision (a), or covered by statutory language that unequivocally extends to other provisions like that found in section 490.2.  The general purpose of Proposition 47 does not create an ambiguity where none exists and therefore does not support extending section 496 to section 496d violations.

DISPOSITION

The judgment (order) is affirmed.


      HULL      , Acting P. J.


We concur:


     MAURO     , J.


     MURRAY    , J.

6