**Michael C. SMITH, Plaintiff–Appellee,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant–Appellant.**

No. 95–1423.

United States Court of Appeals, Sixth Circuit.

Submitted May 3, 1996.

Decided Oct. 29, 1996.

Timothy A. O'Rourke (briefed), Dennis J. Raterink, Hay & O'Rourke, Lansing, MI, for Plaintiff–Appellee.

Gary A. Sultz (briefed), Social Security Administration Office of the General Counsel, Region V, Chicago, IL, for Defendant–Appellant.

Before: GUY, NELSON, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

This is an appeal by the Commissioner of Social Security.

### I.

Since being involved in a February 1981 automobile accident, plaintiff Michael Smith has had numerous physical ailments, some of which have caused him increasing physical difficulties. He received Social Security disability benefits from February 1981 to July 1982 and then returned to work. In August 1988, he filed an application for Social Security disability benefits and supplemental-security income, claiming he had been disabled since he last worked in September 1987. The Social Security Administration denied the claim.

Later, an administrative law judge ("ALJ") also determined the plaintiff was not eligible for benefits, holding that he was capable of performing limited light work. The United States District Court for the Western District of Michigan remanded the decision for

further proceedings, with specific instructions.

A second ALJ held a supplemental hearing and found that Smith had significant functional limitations because of physical and mental impairments but that he remained capable of performing some work. The district court found that the ALJ properly evaluated Smith's psychiatric condition, that the evidence supported the decision not to defer completely to the opinion of Smith's treating doctor, and that the ALJ fairly developed the record. However, the district court held that the ALJ erred in refusing to credit fully Smith's allegations of disabling pain. Relying on *dicta* in *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 531 (6th Cir.1992), the district court held that in such a "close case," a court should liberally apply the Social Security Act, because it is a "remedial statute" whose "intent is inclusion rather than exclusion."[1] The court then remanded this action for an award of benefits. The Commissioner appeals.

## II.

■ The Commissioner vigorously disputes the district court's reliance on the quoted language in *Cohen* and asserts that the court did not properly defer to the ALJ's findings. In a Social Security action, a district court must accept an ALJ's factual findings if substantial evidence supports them, *see* 42 U.S.C. § 405(g) (Supp.1996), a standard of review which liberal construction of the Social Security Act, even if proper,[2] does not alter. *Cf. Cohen*, 964 F.2d at 528, 531 (discussing both the substantial evidence standard of review and the liberal application of the statute (citations omitted)); *Combs*, 382 F.2d at 956 (same); *Walston*, 381 F.2d at 585 (same).

■ After considering the objective evidence and the doctors' opinions, the ALJ found that no impairments and resulting limitations would preclude the plaintiff from all work and that his allegations of severe and debilitating complaints were not "fully credible." Although the court below cited and applied the substantial evidence standard, we conclude, after reviewing the record, that the court erred in finding that substantial evidence did not support the ALJ's order.

A review of the evidence before the ALJ reveals that substantial evidence does sup-

---

1. The same court has previously relied on this language from *Cohen*. *E.g., Fanning v. Shalala*, Unempl. Ins. Rep. (CCH) ¶ 14191B, No. 5:93 CV 156, 1994 WL 706653, at *7 (W.D.Mich. July 25, 1994).

2. We have opined that the Social Security Act is a remedial statute which we must liberally construe in favor of disability if a disability is proven. *See Combs v. Gardner*, 382 F.2d 949, 956 (6th Cir.1967) (citing *Polly v. Gardner*, 364 F.2d 969 (6th Cir.1966)); *Walston v. Gardner*, 381 F.2d 580, 585 (6th Cir.1967) (citing *Polly* ), quoted in *McKentry v. Secretary of Health and Human Servs.*, 655 F.2d 721, 724 (6th Cir.1981); *see also Cohen, supra* (*dicta* ); *O'Daniel v. Richardson*, 458 F.2d 330, 334 (6th Cir.1972) (citing *Haberman v. Finch*, 418 F.2d 664, 667 (2d Cir.1969)). More recently, however, the Supreme Court, in reviewing the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (1986 & Supp.1996), has called "the proposition that the statute at hand should be liberally construed" the "last redoubt of losing causes...." *Director, Office of Workers' Compensation v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. ——, ——, 115 S.Ct. 1278, 1288, 131 L.Ed.2d 160 (1995). Liberal construction may apply,

in the case of ambiguity, to find present rather than absent elements that are essential to the operation of a legislative scheme; but it does not add features that will achieve the statutory "purposes" more effectively. Every statute proposes, not only to achieve certain ends, but also to achieve them by particular means—and there is often a considerable legislative battle over what those means ought to be. The withholding of agency authority is as significant as the granting of it, and we have no right to play favorites between the two.

*Id.*

Addressing the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, 98 Stat.1976, in *Rodriguez v. United States*, 480 U.S. 522, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987), the Court stated:

Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice—and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law. Where, as here, the language of a provision is sufficiently clear in its context and not at odds with the legislative history, there is no occasion to examine the additional considerations of policy that may have influenced the lawmakers in their formulation of the statute.

*Id.* at 526, 107 S.Ct. at 1393 (citation, ellipses, brackets, and internal quotation marks omitted).

port his finding. Therefore, even if the district court—had it been in the position of the ALJ—would have decided the matter differently than the ALJ did, *see, e.g., Cutlip v. Secretary of Health and Human Servs.,* 25 F.3d 284, 286 (6th Cir.1994) (citing *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983)), and even if substantial evidence also would have supported a finding other than the one the ALJ made, *see, e.g., id.* (citing *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986) *(en banc )*), the district court erred in reversing the ALJ.[3]

We REVERSE the order of the district court and REMAND this action with instructions to affirm the order of the ALJ.

**3.** In the context of immigration law, the Supreme Court has interpreted the substantial evidence standard to mean that a particular agency finding which must be upheld "if supported by reasonable, substantial, and probative evidence on the record considered as a whole" can be reversed only if a reasonable factfinder would have to reach another conclusion, *see Immigration and Naturalization Serv. v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (quoting 8 U.S.C. § 1105a(a)(4) and citing *NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939)), *i.e.,* if the evidence compels a conclusion other than the one the agency reached. *See id.* at 481 n. 1, 112 S.Ct. at 815 n. 1.