Oretha **PORTER**, Plaintiff,

v.

Kenneth S. **APFEL**, Commissioner
of Social Security Defendant.

No. CIV. 00–2544–D/A.

United States District Court,
W.D. Tennessee,
Western Division.

Feb. 28, 2001.

Wanda Donati, Donald A. Donati, Donati Law Firm, LLP, Memphis, TN, for Oretha Porter, appellants.

William W. Siler, Veronica F. Coleman, U.S. Attorney's Office, Memphis, TN, for Kenneth S. Apfel, Commissioner of Social Security, appellees.

## ORDER AFFIRMING DECISION OF THE ADMINISTRATIVE LAW JUDGE

DONALD, District Judge.

Before the Court is Plaintiff's Brief requesting the Administrative Law Judge's ("ALJ") decision denying Plaintiff disability benefits be reversed and/or remanded. Plaintiff asserts the ALJ's decision was not supported by substantial evidence because Defendant, Kenneth S. Apfel, Commissioner of Social Security ("Commissioner"), failed to properly weigh the opinion of Plaintiff's treating physician and to employ the correct analysis in determining whether Plaintiff could perform her past employment. Plaintiff maintains that Defendant failed to consider Plaintiff's nonexertional limitations and impairments in Step Four of the evaluation process. Defendant asserts that substantial evidence supports the ALJ's decision that Plaintiff was not disabled based upon a totality of the record and that Plaintiff did not meet the burden of proving she is unable to perform her past relevant work. The Court has jurisdiction under 42 U.S.C. § 405(g). For the reasons herein, the Court DENIES Plaintiff's appeal and affirms the ALJ's decision.

### I. Factual and Procedural Background

Plaintiff applied for disability benefits on June 26, 1998. She filed a Request for Reconsideration on November 2, 1998 and was denied. On January 11, 1999, Plaintiff filed a Request for Hearing on the issue of disability. After the hearing, the ALJ administered an unfavorable decision on May 28, 1999, and Plaintiff filed a Request for Review of the Hearing. On May 18, 2000, the Appeals Council denied the request for review. Plaintiff subsequently filed this timely appeal.

At the time of the ALJ's decision, Plaintiff was forty-eight years old. Plaintiff has an eighth-grade education and performed past relevant work as a seamstress/sewing machine operator. (Tr. 51). Plaintiff alleges she became unable to work on January 5, 1998 due to lung disease, lupus, and thyroid disorder. (Tr. 11, 47). The medical evidence establishes that Plaintiff has restrictive lung disease, hypothyroidism secondary to near total thyroidectomy for cancer, and connective tissue disorder (not otherwise specified, but probably osteoarthritis). (Tr. 17, Finding 3). Upon consideration of the medical evidence and Plaintiff's subjective allegations, the ALJ found Plaintiff had the residual functional capacity to perform the exertional demands for medium work and was not, therefore, disabled. However, due to Plaintiff's lung problems, the ALJ stated Plaintiff should avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation. (Tr. 16).

### II Social Security Standard

The standard of review for an appeal of this nature is a limited one. This Court must determine if the decision below is supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Barker v. Shalala,* 40 F.3d 789, 794 (6th Cir.1994); *Stanley v. Secretary of Health and Human Services,* 39 F.3d 115, 117 (6th Cir.1994). The reviewing court is authorized to ensure that the correct legal standards were employed. *Richardson,* 402 U.S. at 401, 91 S.Ct. 1420; *Cutlip v. Secretary of Health and Human Services,* 25 F.3d 284, 286 (6th Cir.1994); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir.1986).

Substantial evidence means more than a scintilla of evidence. Substantial evidence is such evidence that a reasonable person might accept as adequate to support a conclusion. *Bogle v.* Sullivan, 998 F.2d 342, 346–47 (6th Cir.1993) (citing

*Kirk v. Secretary of Health and Human Services,* 667 F.2d 524, 535 (6th Cir.1981), cert. Denied, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983)). Under the substantial evidence standard, the reviewing court does not try the case de novo, resolve conflicts in evidence, or review credibility. *Cutlip,* 25 F.3d at 286; *Hogg v. Sullivan,* 987 F.2d 328, 331 (6th Cir.1993). In evaluating substantial evidence, the reviewing court must take the record as a whole. *Id.* (citing *Allen v. Califano,* 613 F.2d 139, 145 (6th Cir.1980)). The reviewing court must take into account whatever evidence detracts from the decision under review. *Id.* (citing *Beavers v. Secretary of Health, Education & Welfare,* 577 F.2d 383, 387 (6th Cir.1978)). Even if the reviewing court would decide the case differently, if there is substantial evidence in support of the decision, it should be affirmed. *Cutlip,* 25 F.3d at 286; *Bogle,* 998 F.2d at 347. In other words, an administrative decision should not be reversed even if substantial evidence would have supported the opposite conclusion. *Smith v. Chater,* 99 F.3d 780, 781 (6th Cir.1996).

## III Analysis

### A. Treating Physician's Opinion

■ An uncontradicted treating physician's medical opinion is accorded complete deference only if it is based on sufficient medical data. *Harris v. Heckler,* 756 F.2d 431, 435 (6th Cir.1985). Yet, the ALJ is not bound by that opinion. *Shelman v. Heckler,* 821 F.2d 316, 321 (6th Cir.1987). The ALJ can discredit the opinion as long as a reasoned basis is set forth for the rejection. *Id.* In *Malone v. Commissioner of Social Security,* No. 94–6545, 1995 WL 641280, at *3,4 (6th Cir. Oct.31, 1995), the ALJ discredited the treating physician's opinion letter because it was contradicted by his own medical reports, as well as the opinions of other medical personnel involved in the plaintiff's treatment. The reviewing court noted that all of the other treating physicians and a psychologist were of the opinion the claimant was of normal function. Further, even the treating physician's own records indicated the claimant was improved and this discredited the treating physician's opinion letter. *Id.* The court concluded the ALJ's findings were supported by substantial evidence and found the ALJ was entitled to discredit the opinion letter. *Id.* at *4.

■ In the instant case, Plaintiff asserts Defendant's failure to consider all of the Doctor's reports and failure to give appropriate weight to the treating physician's opinion letter constitutes reversible error. (Pl's. Br. at 7). Plaintiff further contends the ALJ did not set forth a basis for rejecting the treating physician's opinion as stated in *Shelman.* (Pl's. Br. at 8). These arguments are without merit. In according the treating physician's *Residual Functional Capacity Questionnaire (Physical)* little weight, Defendant noted the physician's conclusion was largely inconsistent with his own treatment records and was inconsistent with more recent medical evidence from other physicians. Specifically, the opinion indicated Plaintiff could stand for only two hours a day and lift no more than five pounds. It also indicated that Plaintiff suffered severe shortness of breath and that standing/walking, but not sitting were affected by her impairment. It further indicated physical functions such as reaching, handling, pushing and pulling were affected by the impairment, as well as problems with the use of fingers and/or hands. The treating physician's patient record dated April 13, 1998 stated Plaintiff was short of breath with mild exertion and she did not complain of muscle weakness or of joint aches or pains. In the record dated April 27, 1998, the entry indicated a bronchoscopy demonstrated diffuse aveolar damage

organizing type and that patient was experiencing dypsnea. However, on June 17, 1998 the record stated Plaintiff's dypsnea had improved since being on medications and that she did not complain about any joint aches or pains. As in *Malone*, the treating physician's own records indicated Plaintiff was improved contradictory to that physician's Residual Function Questionnaire. Therefore the ALJ properly discredited the treating physician's opinion letter.

As for more recent evidence from other physician's medical records, an entry on September 15, 1998 indicates the Plaintiff denied any real shortness of breath, but stated she was unable to get around because of joint pains. On October 15, 1998, Plaintiff denied any chest pain, stated she had occasional shortness of breath on exertion, and had occasional depression and fatigue. On November 18, 1998, Plaintiff stated her lung function had improved. She reported decreased shortness of breath and decreased dypsnea on exertion since being on the steroid taper. She also claimed she was experiencing no real problem with her connective tissue disorder. On December 17, 1998, Plaintiff stated she felt pretty good overall. On February 11, 1999, she stated the reason for her visit was for two referrals, one for a visit to the Department of Rheumatology. She was unsure what Rheumatology was doing or why they were following up on her. On March 15, 1999, the reason for the visit was a regular thyroid checkup.

These records from other physicians conflict with the treating physician's *Residual Functional Capacity Questionnaire (Physical)* and support his own records, which indicate Plaintiff was improved. The questionnaire indicates severe shortness of breath and joint pains which preclude Plaintiff from engaging in substantial employment. However, the treating physician's own records, as well as those from

other physicians, indicate Plaintiff's breathing problems and connective tissue disorder were improved and not so disabling. On February 11, 1999, the medical record indicates Plaintiff was unsure what the Department of Rheumatology was doing or why they were even following her up. This, along with the statements that her breathing had improved, directly conflicts with the treating physician's letter.

Accordingly, the evidence in the record demonstrates the treating physician's medical opinion was not uncontradicted. As in *Malone*, the record of other physicians, as well as the treating physicians own medical record indicated Plaintiff's condition was improved. As a result, Defendant was not bound by the treating physician's opinion. The reason for rejecting the opinion is stated in the "evaluation of the evidence" section of the ALJ's written opinion. The ALJ stated, "The undersigned accords this medical opinion little weight, since Dr. McCartney's conclusion is largely inconsistent with his own treatment records in Exhibit 3F and with the more recent medical evidence contained in Exhibits 10F and 11F. These latter medical records show that the claimant is doing well overall." Because the treating physician's opinion was contradicted by other objective medical evidence, the ALJ was within his discretion to reject that opinion when deciding the issue of disability. Also, because the ALJ set forth the basis for rejecting the treating physician's opinion, the ALJ's decision does not constitute reversible error and is supported by substantial evidence.

## B. Non-exertional Impairments

42 U.S.C. § 423(d)(2) states that an individual shall be determined to be disabled only if physical or mental impairments are so severe that the individual is not only unable to perform previous work, but can-

not engage in any other substantial work in the national economy. 42 U.S.C. § 423(d)(2). When evaluating a disability, residual functional capacity, (RFC), is reviewed along with the physical and mental demands of past work. 20 C.F.R. § 404.1520(e). Statements of pain are not enough to establish disability; there must be objective medical evidence to substantiate the claim. 20 C.F.R. § 404.1529(a). Further, intensity and persistence of pain is evaluated in determining the extent that the capacity to work is limited. 20 C.F.R. § 404.1529(c)(1). All available evidence is considered, including objective medical evidence, statements from the claimant, and inconsistencies in the evidence. *Id.* RFC is defined as what you can still do despite your limitations. 20 C.F.R. § 404.1545. In making this determination, one's physical and mental abilities are assessed. *Id.*

An ALJ is required to follow a five-step sequential analysis set out in the agency regulations when making a determination as to disability. The five steps are as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant's impairment is not severe, he is not disabled.

3. If claimant's impairment meets or equals an impairment listed in the Social Security agency regulations, he is disabled.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. If claimant's impairment does not prevent him from doing other work that exists in the national economy that accommodates his functional capacity and vocational factors, he is not disabled.

*Walters v. Commissioner of Social Security,* 127 F.3d 525, 529 (6th Cir.1997) (citing 20 C.F.R. § 404.1520). *See also Bowen v. Yuckert,* 482 U.S. 137, 140–42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

At issue in the instant case is Step Four. This step encompasses a comparison of the claimant's past relevant work with his present mental and physical capacity. *Walters,* 127 F.3d 525, 529. The claimant has the burden of proof during the first four steps of this process; the burden shifts to the ALJ only at Step Five. *Id.* Denial of a claim at Step Four is proper if substantial evidence exists in the record supporting a conclusion that the claimant can perform past relevant work, thereby failing to make a prima facie case of being under a disability. *Id.*

Plaintiff avers Defendant committed reversible error in failing to consider Plaintiff's exertional and non-exertional limitations on her ability to perform her past relevant work. (Pl's.Br.8–9). Specifically, Plaintiff maintains Defendant did not employ the proper analysis in assessing these limitations as set out in *Groeper v. Sullivan,* 932 F.2d 1234, 1238 (8th Cir. 1991). In *Groeper,* the court stated that an ALJ's decision that a claimant can return to past work must be based on more than mere conclusory statements. The ALJ must specifically set forth both physical and mental limitations and determine how they affect the claimant's RFC, as well as make explicit findings regarding actual physical and mental demands of the claimant's past work. *Id.* Then, the ALJ should compare the RFC to the actual demands of the past work to determine whether the claimant can perform the relevant tasks. *Id.* at 1239.

This circuit has not articulated a standard as the one cited in the eighth circuit. In *Walters v. Commissioner of Social Security,* the court addressed the issue of whether substantial evidence supported the ALJ's finding that the plaintiff was not disabled within the meaning of the Social Security Act because the plaintiff was able to perform his past relevant

work. *Walters,* 127 F.3d 525, 532. The record contained evidence that the plaintiff's hypertension was under control and little objective evidence to demonstrate his lower back pains were so severe as to be disabling. *Id.* The court also stated that plaintiff's own statements concerning his daily and weekly activities such as running errands, walking, and preparing meals were appropriate factors for the ALJ to consider in making a determination of disability. *Id.* The court concluded substantial evidence supported the ALJ's finding that the claimant had the residual functional capacity to perform his past relevant work and was not disabled. *Id.*

In determining Plaintiff's RFC in the instant case, Defendant assessed Plaintiff's past relevant work compared with her present mental and physical capacity, objective medical evidence, subjective allegations of pain and other statements by Plaintiff, and inconsistencies in the evidence. With regard to past relevant work, Defendant found that Plaintiff's past work as a seamstress/sewing-machine operator, as generally performed in the national economy, had an exertional demand of light work. (Tr. 18). Defendant also found Plaintiff had the RFC to perform the exertional demands of medium work, but noted she should avoid exposure to fumes, odors, dusts, gases, and poor ventilation due to her lung disease. *Id.* Defendant further found that this past relevant work did not require the performance of work functions precluded by her medically determinable impairments. As a result, her impairments did not prevent her from performing her past relevant work. *Id.*

In making this determination at Step Four of the evaluation process, Defendant carefully considered the entire record. As to Plaintiff's claim of non-exertional limitations, Defendant examined the psychiatric evaluation and noted claimant had a mild depressive disorder. However, she never received counseling or psychotropic medications for any mental disease. (Tr. 14, 192–204). Since her mental impairment had not affected her basic work activities, Defendant found her depression as "non-severe." *Id.* at 14. Defendant also considered Plaintiff's subjective allegations of pain and other statements. Defendant found these complaints and statements exaggerated and not entirely credible. *Id.* Plaintiff claimed an inability to work due to fatigue, shortness of breath, joint problems, and an inability to walk more than one-half block or stand more than thirty minutes at a time. *Id.* at 14–15. However, Defendant noted inconsistencies since Plaintiff stated her favorite activity was a daily walk outdoors, she made remarks to physicians that her breathing was improved with decreased shortness of breath, and she stated she was having no recent problems with her connective tissue disorder. *Id.* at 15. Based upon the above reasons, the contradictory treating physician statement, and the evidence as a whole, Defendant found Plaintiff was not disabled. *Id.* at 18.

As in *Walters,* the administrative record contains substantial evidence to support a conclusion that Plaintiff is able to perform her past relevant work and is not, therefore, disabled. Similarly, Defendant acted properly in assessing Plaintiff's statements concerning her grocery shopping, doing laundry, going to church, daily walks, and preparing her meals when considering whether Plaintiff was disabled. Defendant assessed all of the evidence concerning Plaintiff's physical and mental abilities, Plaintiff's subjective allegations and statements, and evaluated inconsistencies in the record. Based on this assessment, the ALJ found that Plaintiff was not disabled. This Court finds that the ALJ's decision is supported by substantial evidence.

## IV. Conclusion

For the foregoing reasons, Plaintiff's appeal is **DENIED.**