**Larry C. MERCER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–5625.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before BOGGS and SILER, Circuit Judges; and STEEH, District Judge.*

*ORDER*

This is an appeal from a district court judgment affirming a decision to deny an application for Social Security disability benefits. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 3, 1995, Larry Mercer filed an application for disability benefits based on a combination of physical and psychological impairments. Mercer's application was denied by the Commissioner but remanded by the district court so that Mercer could introduce additional evidence. An administrative law judge ("ALJ") conducted a hearing and concluded that Mercer's application should be denied. This conclusion became the Commissioner's final decision and Mercer took an appeal to the district court on the authority of 42 U.S.C. § 405(g). The district court referred the matter to a magistrate judge who recommended that the Commissioner's decision should be affirmed. The district court adopted this recommendation over Mercer's objections and this appeal followed.

This court's review is limited to determining whether the Commissioner's findings are supported by substantial evidence, and whether the Commissioner employed the proper legal standards in reaching the conclusion on appeal. *Brainard v. Sec'y of Health and Human Servs.,* 889 F.2d 679, 681 (6th Cir.1989). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 534 (6th Cir.2001) (citation omitted). The Commissioner's findings must be affirmed if supported by substantial evidence, even if substantial evidence would have supported the opposite conclusion. *Smith v. Chater,* 99 F.3d 780, 782 (6th Cir.1996). An examination of the present appeal shows that the Commissioner employed the proper legal standards in reaching a decision supported by substantial evidence.

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

Mercer's disability claim is based on an on-the-job accident he suffered April 7, 1988, and subsequent psychological/seizure episodes. Mercer was working as a boilermaker when he fell and suffered injuries to his back. Mercer's severely limited employment record in the wake of his injury meant that the date he was last insured for Social Security disability purposes was December 31, 1993. It was thus incumbent upon Mercer to prove that he was disabled within the meaning of the Social Security regulations by that date in order to be eligible for disability benefits.

Mercer testified in his own behalf as to the amount and severity of pain he allegedly suffered and introduced a substantial body of medical evidence in support of his claim. Only a relatively small portion of this evidence, however, was the result of medical treatment or consultation prior to the expiration of Mercer's insured status. The remainder of Mercer's medical evidence was from treatments and consultations compiled from August 1994 through November 1998. The ALJ rejected all but two of these opinions after concluding that they were too remote in time to be probative of Mercer's condition prior to 1994. The ALJ specifically found that, as of his last insured date, Mercer could lift and carry twenty pounds occasionally, he could lift and carry ten pounds frequently, he could sit six hours a day with a sit/stand option, he could never climb ladders or ropes, but that he could occasionally climb stairs, bend, stoop and kneel. The ALJ concluded from his findings that Mercer could no longer perform his past work as a boilermaker, but that he retained the residual functional capacity to perform light work with the restrictions indicated. The ALJ consequently enlisted the aid of a vocational expert in an effort to discover whether there were any jobs in sufficient numbers in the economy that Mercer could perform. The ALJ found, based on the vocational expert's testimony, that a significant number of jobs existed in the economy for a person with Mercer's residual functional capacity. This latter conclusion guided the ALJ's recommendation that Mercer's claim should be denied. The Commissioner subsequently adopted the ALJ's findings and Mercer's appeal to the district court was unavailing. On appeal, Mercer contends that the Commissioner (through the ALJ) erred in rejecting the opinions of Mercer's "treating physicians" and that the decision is not supported by substantial evidence.

Upon review, this court will affirm the judgment on appeal for the reasons set forth in the magistrate judge's report and recommendation filed January 10, 2002, and adopted by the district court in its order of March 15, 2002.

Accordingly, the district court's judgment is affirmed.