NOT FOR PUBLICATION
File Name: 05a0142n.06
Filed: February 23, 2005

No. 03-6585

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

GARY CHANDLER,

        Plaintiff - Appellant,                        ON APPEAL FROM THE
                                                            UNITED STATES DISTRICT

v.                                                     COURT FOR THE EASTERN
                                                            DISTRICT OF KENTUCKY

COMMISSIONER OF SOCIAL SECURITY,

        Defendant - Appellee.

_____/

BEFORE: SUHRHEINRICH, ROGERS, and COOK, Circuit Judges.

        **PER CURIAM.** Plaintiff-Appellant Gary Chandler, ("Claimant"), appeals from the order of the district court denying his Social Security claim and granting summary judgment to Defendant-Appellee Commissioner of Social Security, ("Commissioner"). For the reasons that follow, we **AFFIRM** the judgment of the district court.

## I. Background

        Claimant is a fifty-one year old divorced male with a ninth grade education. He worked as a coal miner for seventeen years, thirteen of which he spent underground. Claimant lives alone, fixes simple foods, drives, and is able to groom himself, with the exception of putting on his socks and shoes. He spends most of his time watching television.

        Claimant contends he became disabled on June 26, 1992, due to arthritis, black lung disease, ulcers, and neck, back, knee, and chest pain. He claims he suffered a heart attack and/or stroke in 1992 while working in the mine. In 1993, he filed and received a workers' compensation settlement

for black lung disease. He testified that his low back pain is a result of a 1994 automobile accident. Claimant claims he has two or more daily episodes of chest pain and takes nitroglycerine on a daily basis.

On December 22, 1992, Claimant first filed for Social Security disability insurance benefits. On February 24, 1995, Administrative Law Judge ("ALJ") Daugherty denied him benefits. On April 19, 1995, the Social Security Administration Appeals Council, ("Appeals Council"), denied Claimant's request for a review of the ALJ's decision. ALJ Daugherty's decision became the final decision in Claimant's initial application for benefits.

On August 22, 1995, Claimant filed a new claim for benefits which was denied both initially and upon reconsideration. On Claimant's request, a hearing was held on September 26, 1996, with ALJ Andrus. On September 10, 1997, Judge Andrus denied Claimant's claim and the Appeals Council denied Claimant's request for rehearing.

Claimant filed an appeal in the district court. On April 2, 1999, the district court ordered the claims remanded back to the Commissioner to consider *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997) (holding that "absent evidence of improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ"). On April 15, 1999, the Appeals Council vacated its September 10, 1997, decision and remanded the case back to ALJ Andrus. On November 10, 1999, Judge Andrus conducted a supplemental hearing and on April 26, 2000, again denied benefits to Claimant. Claimant appealed the decision to the Appeals Council.

The Appeals Council granted a review and remanded Claimant's case to ALJ Kemper, who conducted supplemental hearings in September and November of 2001. At the November hearing,

2

ALJ Kemper posed two hypotheticals to the vocational expert, "(VE"). The first was based on ALJ Daugherty's 1995 determination of Claimant's residual function capacity ("RFC"), and the second on an RFC formulated by more recent evaluations. In response to the second, the VE testified that a person with the described limitations could perform various medium level jobs such as assembler or stock and inventory clerk, and that over 6,000 such jobs existed in Claimant's four-state area. ALJ Kemper found that Claimant was not disabled and denied him benefits.

On June 26, 2002, Claimant filed suit in the district court. On September 4, 2003, the district court affirmed the decision of ALJ Kemper denying him social security benefits. Claimant filed a motion for reconsideration. On reconsideration, the district court denied Claimant benefits and granted Commissioner's motion for summary judgment. Claimant appealed.

## II. Standard of Review

We review *de novo* the district court's grant of summary judgment. *Leila Hosp. & Health Ctr. v. Xonics Med. Sys., Inc.*, 948 F.2d 271, 274 (6th Cir. 1991). Our review of the Commissioner's decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied. *Cutlip v. Sec'y of HHS,* 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

## III. Analysis

Claimant contends that the Commissioner's denial of his disability claim is not supported by substantial evidence. Specifically, he argues that the Commissioner has not provided evidence of medical improvement allowing ALJ Kemper to make a change in Claimant's RFC because 1) the 1995 decision of ALJ Daugherty was not part of the record when Judge Kemper made his decision;

3

2) ALJ Kemper improperly weighed the medical evidence; and, 3) Judge Kemper's hypothetical to the vocational expert was incomplete. Claimant also argues that Judge Kemper violated Claimant's due process rights by soliciting and relying on medical opinion without notifying Claimant and allowing him the opportunity to cross-examine.

A "disability" is the inability to do any substantial gainful activity because of any medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. §§ 404.1505(a), 416.905(a) (2004). The five-step sequential process for evaluating a disability is well-established. *See* 20 C.F.R. § 404.1520(a)(4); *see also Kirk v. Sec'y of H.H. S.*, 667 F.2d 524, 528 (6th Cir. 1981). Under *Drummond*, "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Drummond*, 126 F.3d at 842. The burden is on the Commissioner to prove changed circumstances. *Id.* at 843.

## A. RFC

It is undisputed that the 1995 decision is a final decision. We hold that substantial evidence supports ALJ Kemper's decision to change Claimant's RFC.

### 1. The Record

Claimant argues that since the 1995 report from ALJ Daugherty was never included in the record, the Commissioner cannot ascertain that medical improvement has taken place. He insists that the omission of the report from the record constitutes an "evidentiary gap" which resulted in prejudice to him. We disagree.

ALJ Daugherty's 1995 decision could have, and should have, been made a part of the record.

4

However, its absence produced no evidentiary gap and, therefore, was not prejudicial to Claimant. The district court had access to ALJ Daugherty's 1995 decision since Claimant attached it to his brief. ALJ Kemper's opinion also states that "Judge Daugherty's decision was in evidence." At Claimant's hearing on November 27, 2001, Judge Kemper noted the limitations which Judge Daugherty's 1995 decision set on Claimant's work and presented these limitations to the VE in the first of two hypotheticals. Thus, both the district court and ALJ Kemper had the opportunity to consider the 1995 decision in determining Claimant's RFC.

## 2. Weighing of Evidence

Claimant next argues that ALJ Kemper arbitrarily ignored probative medical and vocational testimony favorable to Plaintiff. He specifically contends that Judge Kemper substituted his impression of Claimant's disability for medical judgment and did not give due deference to the opinion of his treating physician.

We find no evidence that Judge Kemper ignored medical evidence. Rather, the record shows that Judge Kemper properly made a credibility assessment and weighed the medical evidence based on that assessment. Judge Kemper noted that Claimant complained of pain ranging from eight to ten based on a scale of one to ten, yet treated his pain with Tylenol and home remedies; and that his daily activities were inconsistent with his complaints of disabling pain.

An ALJ's findings based on the credibility of an applicant should be accorded great weight and deference. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). This Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [claimant] are reasonable and supported by substantial evidence in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003); *see also Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996) (holding

5

that the ALJ was not obligated to fully credit the claimant's allegations of disabling pain when claimant was not credible).

Here, substantial evidence supports ALJ Kemper's credibility assessment. First, Claimant's medical records contain a notable lack of objective medical evidence. Thus, many of Claimant's medical evaluations are based largely on his subjective complaints of pain. Insufficient objective medical evidence makes credibility a particularly relevant issue and this Court will generally defer to the Commissioner's assessment when adequately supported. *Walters*, 127 F.3d at 531. Second, Claimant's medical reports are not consistent with one another. ALJ Kemper had the duty to resolve this conflicting medical evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971) (stating that it is common for medical evidence to conflict and that the trier of fact must resolve that conflict). Third, the record is replete with indications that Claimant may be exaggerating his symptoms.

Under these circumstances, we will uphold Judge Kemper's credibility assessment even if it conflicts with some of Claimant's medical reports. *See Jones*, 336 F.3d at 475 (upholding an ALJ's determination that claimant for disability benefits was not "fully credible, and that she was capable of showing up at a job every day," despite the fact that it conflicted with a physician's assessment that she was moderately impaired in her ability to maintain work attendance). We also find that Judge Kemper properly considered Claimant's credibility in deciding how much deference to give Claimant's subjective complaints made to his treating physician. Treating physicians' opinions are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286-87 (6th Cir. 1994) (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990)). In short, Judge Kemper's weighing of the medical reports was supported by substantial

6

evidence.

### 3. Hypothetical

Claimant argues that ALJ Kemper's second hypothetical to the VE was not based on substantial evidence because it was incomplete. We disagree.

We find that the second hypothetical properly encompassed the credible limitations related to Claimant's ability to work. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (stating that it is well-established that "an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact") (citing *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927-28 (6th Cir.1987)); *see also Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001) (holding that findings not explained or supported by medical or clinical findings, and findings inconsistent with the most recent medical evaluation and diagnosis, were not entitled to significant weight in constructing hypotheticals). A statement of claimant's abilities and limitations need not include an enumeration of every diagnosis or impairment. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). A hypothetical question is adequate if it accurately portrays a claimant's abilities and limitations. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

In sum, substantial evidence supports ALJ Kemper's change in Claimant's RFC, his second hypothetical to the VE, and his decision to deny benefits based on the VE's response.

### B. Due Process Claim

Claimant also argues that he was not afforded a fair hearing because ALJ Kemper solicited medical opinion from a medical expert without notifying Plaintiff and allowing him the opportunity to cross-examine. We find no lack of due process in the district court. Judge Kemper afforded

Claimant the opportunity to cross-examine the expert through this own interrogatories. Yet, Claimant's counsel never sent interrogatories.

## IV.  Conclusion

For the foregoing reasons, this Court **AFFIRMS** the judgment of the  district court granting summary judgment to Commissioner.